[Civil No. 1641.   Filed May 3, 1919.]

[180 Pac. 529.]

## NAVAJO-APACHE BANK AND TRUST COMPANY, a Corporation, Appellant, v. L. I. WAKEFIELD, Appellee.

1. BILLS AND NOTES—HOLDER IN DUE COURSE—BURDEN OF PROOF.—
The negotiable instrument law (Civil Code of Arizona of 1913, section 4204) casts the burden of proof on the corporation holding notes negotiated to it by a person whose title was defective to show that it was a holder in due course, under section 4197.

2. BILLS AND NOTES—NOTICE OF FRAUD IN INCEPTION OF NOTES—EVIDENCE.—In an action on notes, defendant's testimony that he had given actual notice that the notes were obtained by fraud and misrepresentation to plaintiff's president by letter was wholly insufficient to make a primary showing of notice of fraud, where the president denied its receipt and defendant did not show that the letter was properly addressed, stamped and deposited in the mail, particularly where the letter was answered by another and from a town other than where plaintiff's president lived.

[As to who are *bona fide* holders affected by fraud in inception, see note in 11 Am. St. Rep. 309.]

APPEAL from a judgment of the Superior Court of the county of Navajo.   John A. Ellis, Judge.   Reversed and remanded.

Mr. C. H. Jordan, for Appellant.

Mr. Thorwald Larson and Mr. A. H. Hannett, for Appellee.

BAKER, J.—In this action the plaintiff (appellant), Navajo-Apache Bank & Trust Company, brought suit against the defendant (appellee), L. I. Wakefield, to recover on two certain promissory notes made and executed by the defendant, one for two hundred and fifty dollars and the other for seven hundred and fifty dollars.   The notes are dated April 11, 1913, and are made payable on January 1, 1914.   They are made payable to the defendant's own order and bear his indorsement.   The action was defended on the ground of failure of consideration and fraud in the inception of the notes sued on.   The defendant denied that the plaintiff bank was a holder in due course.   The case was tried to a jury,

which found for the defendant, and the plaintiff bank brings the case here on appeal.

It appears that the notes were given on subscription for stock of the Ranchers' Trust Company. The scheme to form such a company was evidently a fraud. No stock was ever issued to the defendant. The evidence admitted on the trial was amply sufficient to show failure of consideration, and that the notes were obtained by fraud and misrepresentation. The plaintiff bank practically concedes this to be true. The main question is this: Was the plaintiff bank the holder of the notes in due course?

Section 4197 of the negotiable instrument law (Rev. Stats. Arizona 1913) is as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions: (1) That the instrument is complete and regular upon its face. (2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact. (3) That he took it in good faith and for value. (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

And section 4204 of the same law is as follows:

"Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or some person under whom he claims, acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

The statutory provision last quoted had the effect of casting upon the plaintiff bank the burden of proving that it was a holder of the notes in due course. That the notes are complete and regular upon their face is in effect admitted, and thoroughly established by the instruments themselves which are in evidence. It is also confirmed by the proofs that the plaintiff bank, in good faith and for value, became the holder of the notes before they were overdue, and it is proven by uncontradicted evidence that at the time the notes were negotiated to plaintiff bank, it had no notice of any dishonor of the notes, or of any infirmity in the instruments or defect in the

title of the persons who negotiated the instruments. Thus are subserved all the statutory conditions making the plaintiff bank the holder of the notes in due course.

In an effort to show that the plaintiff bank had actual notice that the notes were obtained by fraud and misrepresentation, the defendant was permitted to testify, over the objections of plaintiff bank, to the contents of a letter which he said he had written to W. H. Burbage in his capacity as president of plaintiff bank. In this letter the defendant said that he informed Burbage that the notes had been obtained by fraud and misrepresentation, and that he (defendant) would not honor them. The defendant admits that he received no answer from Burbage to this letter, but states that the secretary of the Ranchers' Trust Company, at Flagstaff, Arizona, answered it. The defendant fails to state whether he addressed Burbage at Flagstaff, Arizona, or at Winslow, Arizona. The uncontradicted proof is that Burbage resides at Winslow, Arizona, and that the principal place of business of the plaintiff bank is at Winslow, Arizona. There is no evidence that Burbage ever received the letter. He positively denies its reception. Under the circumstances, the evidence was wholly insufficient to make a *prima facie* showing of notice to the plaintiff bank of fraud in the inception of the notes. Defendant went no further than to state that he "wrote a letter to Burbage" in his capacity as president of plaintiff bank. He should have shown that the letter was properly addressed, stamped, and deposited in the mail. 1 Jones on Evidence, § 52; 2 Wharton on Evidence, § 1323; *Briggs* v. *Hervey*, 130 Mass. 187; *Best* v. *German Ins. Co.*, 68 Mo. App. 598.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

CUNNINGHAM, C. J., and ROSS, J., concur.