[Civil No. 1792.   Filed November 24, 1920.]

[193 Pac. 297.]

# NAVAJO–APACHE BANK & TRUST CO., a Corporation, Appellant, v. R. A. WILLIS, A. M. WILLIS and ANGUS L. WILLIS, Appellees.

1. BILLS AND NOTES—ONLY HOLDERS IN DUE COURSE PROTECTED AGAINST ORIGINAL FRAUD.—If a note is originally obtained by fraud, holders thereof are entitled to the benefit of the rule protecting a *bona fide* holder only when they have purchased in good faith, in the usual course of business, before maturity, for full value, and without notice of facts affecting the paper's validity

2. BILLS AND NOTES—PROPER PROCEDURE IN ACTION ON NOTE DEFENDED FOR FRAUD IN PROCUREMENT STATED.—In an action on a note, defended on the ground of fraud in its original procurement, the proper method of procedure is for plaintiff to produce the note, prove the indorsements and the making, and rest, thus establishing a *prima facie* case, and for the time being his own title and right to recover, whereupon defendant should be permitted to prove his defense of fraud, when it becomes necessary for plaintiff to prove he is a *bona fide* holder for value before maturity.

3. BILLS AND NOTES—HOLDER, ON QUESTION OF FRAUD, REQUIRED TO SHOW IT WAS HOLDER IN DUE COURSE.—Where the proof offered on behalf of makers and indorser of the note in suit was sufficient to go to the jury on the question that the note was fraudulently obtained, plaintiff holder was required to show, not only that it was a holder for value, but that it had no knowledge or notice of the fact the note had been wrongfully obtained, or facts from which the fact that it had no notice of the fraud was inferable.

4. PRINCIPAL AND AGENT—KNOWLEDGE AND NOTICE OF AGENT IN REGARD TO NOTE IMPUTED TO PRINCIPAL.—If the party who obtained a note from defendants was the agent of plaintiff bank in the transaction, his knowledge and notice of the infirmity of fraud in the note would be imputed to plaintiff bank.

5. PRINCIPAL AND AGENT—FACT OF AGENCY NOT PROVABLE BY DECLARATIONS OF ALLEGED AGENT.—In a bank's action on a note procured from defendant makers and indorsed by one who claimed to be acting as the bank's agent, testimony for defendants that such party declared he was such agent *held* incompetent.

---

3. *Bona fide* holders of a bill or note as affected by fraud in its procurement, see note in 11 Am. St. Rep. 309.

APPEAL from a judgment of the Superior Court of the County of Navajo.   J. E. Crosby, Judge.   Reversed and new trial ordered.

Mr. C. H. Jordan, for Appellant.

Mr. Thorwald Larson, for Appellees.

BAKER J.—This action was brought by the plaintiff, Navajo-Apache Bank & Trust Co., to recover the sum of $1,125 on a promissory note made by the defendants, R. A. Willis, A. M. Willis and Angus L. Willis, to the order of one Thos. L. Matkins, Jr., and indorsed by him to the plaintiff.   The answer of the defendants, among other things, sets up that the note was obtained by fraud.   The verdict and judgment was for the defendants.

If a note is originally obtained by fraud, holders of such paper are entitled to the benefit of the rule protecting a *bona fide* holder only when they have purchased such paper in good faith, in the usual course of business, before maturity, for full value, and without notice of any facts affecting the validity of the paper.

The proper method of procedure in a case like the one at bar is for the plaintiff to produce the note, prove the indorsements and the making of the note, and rest, thereby establishing a *prima facie* case, and for the time being his own title and right to recover, and the defendant's liability.   The defendant should then be permitted to prove his defense of fraud, if he can, and it is then necessary for the plaintiff to prove that he is a *bona fide* holder of the note for value before maturity.

We think the proofs on the part of the defendants made out a case sufficient to go to the jury upon the question that the note in suit was fraudulently obtained.   This being so, the plaintiff was required to

show, not only that it was a holder for value, but that it had no knowledge or notice of the fact that the note had been wrongfully obtained, or facts from which the fact that it had no notice of the fraud was inferable. Rev. Stats. Ariz. 1913, § 4204; *Navajo Apache-Bank & Trust Co.* v. *Wakefield,* 20 Ariz. 335, 180 Pac. 529; *Lentz* v. *Landers, ante,* p. 117, 185 Pac. 821.

The plaintiff gave testimony tending to show that the note was acquired by the bank in the ordinary course of business and for full value before maturity, without notice of any fact or facts affecting the validity of the paper. The defendants attempted to rebut the proof of good faith on the part of the plaintiff in taking the note by showing that one T. G. Norris obtained the paper from them by fraudulent representation, and that in such transaction he claimed to be acting as plaintiff's agent—that is, he declared that he was such agent. The plaintiff, in due time, objected to the testimony, on the ground that the agency of Norris could not be proven by his own declarations. The objection was overruled, and the testimony was given as stated. Of course, if Norris was the plaintiff's agent in the transaction, his knowledge and notice would be imputed to the plaintiff. These declarations were not competent. The fact of agency cannot be proved by the declarations of the alleged agent. In 31 Cyc. 1652, the rule is stated (citing many authorities) to be:

"The declarations of an alleged agent are not admissible against the alleged principal to prove the fact of his agency. Neither are the declarations of an agent admissible against the principal to show the extent of his authority as such agent. The agency must be proved by other evidence before his acts and statements can be shown against the principal. At best such declarations are mere hearsay. The rule applies equally to oral statements of the agent and to written statements, contained in letters, letter-heads, receipts, or other documents, implying, admitting, or claiming

authority to act as agent in the negotiations with the third person.''

The proposition is too clear to be successfully disputed that the burden was on the defendants to establish the agency of Norris by proof other than his own declarations (2 Jones, Evidence, par. 255; Cyc., *supra*), and the record is bare of any other testimony tending to prove such agency. As the case is here presented, there is nothing to obviate the erroneous ruling. Such evidence must have influenced the jury in passing on the question of Norris' agency, and for that purpose it was wholly incompetent.

For the error of admitting in evidence the declarations referred to, without considering anything else in the case, the judgment and order must be reversed and a new trial ordered; costs to abide the event.

CUNNINGHAM, C. J., and ROSS, J., concur.