[Civil No. 1896.   Filed May 27, 1921.]

[198 Pac. 127.]

## LEE ARNETT, Appellant, v. G. H. CLACK, Appellee.

1. BILLS AND NOTES—ANY DEFENSE AGAINST PAYEE AVAILABLE IN ACTION BY BONA FIDE PURCHASER OF NON-NEGOTIABLE INSTRUMENT.— Any defense the maker of a non-negotiable instrument may have to an action brought by the payee will avail in an action by the assignee of the payee, or any subsequent holder, and it makes no difference that the plaintiff is a bona fide purchaser for value before maturity.

2. BILLS AND NOTES — WHEN PAYMENT OF NOTE IS "CONTINGENT" EVENT.—If payment of a note is something that is certain to happen, as opposed to something that may or may not occur, it is not a contingency within the meaning of Civil Code, of 1913, paragraph 4149, subdivision 4, providing that an instrument payable upon a contingency is not negotiable.

3. BILLS AND NOTES—PROMISSORY NOTE BECOMING DUE AT OPTION OF HOLDER ON DEFAULT IN PAYMENT OF INTEREST NEGOTIABLE.—A promissory note otherwise negotiable is not rendered non-negotiable

---

3. On what is a negotiable note, see note in Ann Cas. 1912D, 4. Negotiability as affected by provision in relation to interest or discount, note, 2 A. L. R. 139.

because of uncertainty as to time of payment by a stipulation that the principal and interest may become due and collectable at the option of the holder upon default in the payment of interest, under Civil Code of 1913, paragraph 4146, and paragraph 4149, subsection 3.

4. COURTS—OPINIONS OF FOREIGN COURTS CONSTRUING NEGOTIABLE INSTRUMENTS LAW TO BE FOLLOWED.—The construction placed upon the uniform negotiable instruments law by courts of the states which have adopted it should be followed unless clearly erroneous.

APPEAL from a judgment of the Superior Court of the County of Mohave. E. Elmo Bollinger, Judge. Reversed.

Mr. Ross H. Blakely and Mr. Weldon J. Bailey, for Appellant.

Mr. C. W. Herndon, for Appellee.

McALISTER, J.—This suit was brought by Lee Arnett to collect three promissory notes, totaling five hundred dollars, the first of which is in the following words and figures:

"$166.70.          Portland, Oregon, June 15, 1915.

"July 1, 1916, after date, for value received, I promise to pay to the order of Ruby & Bowers, at the Merchants' National Bank of Portland, Oregon, one hundred and sixty-six 70/100 dollars, in gold coin of the United States of America, with interest in like gold coin at the rate of 8 per cent per annum from date until paid. Interest to be paid semi-annually, and if not so paid, the whole sum of both principal and interest to become immediately due and collectable at the option of the holder of this note. And in case suit or action is instituted to collect this note or any portion thereof, I promise and agree to pay such additional sum, in like gold coin as the court may adjudge reasonable for attorney's fees in said suit or action.

"Due ——. No. 1867.

"G. H. CLACK."

The other two are identical, except as to the time of payment, the second being due July 1, 1917, and the third July 1, 1918. It is alleged that Ruby & Bowers, the payee, sold, assigned, transferred, and set over unto plaintiff, Lee Arnett, on July 5, 1915, the said notes for a valuable consideration, and that he ever since has been and now is their owner and holder in due course.

The answer admits the signing of the notes, but denies that they were signed for value, and alleges that they were without any consideration whatsoever; the defendant having received nothing in exchange for them. Their assignment and transfer to the plaintiff for a valuable consideration is denied, as well as the fact that he is now, or has ever been, their owner and holder in due course. The case was submitted to a jury, and upon its verdict judgment was entered for the defendant.

The question presented by the record is the correctness of the trial court's holding, both in passing on the admissibility of certain testimony and in its instructions to the jury, that the notes are not negotiable because they contain the following provision:

"Interest to be paid semi-annually, and if not so paid, the whole sum of both principal and interest to become immediately due and collectable at the option of the holder of this note."

In giving his reason for the ruling, the learned trial judge stated:

"A negotiable promissory note, under the statute of Arizona, is an unconditional promise in writing to pay a certain person at a fixed and certain time, and, by the clause in the notes of these pleadings, that time is fixed at one time when the defendant fails to pay the interest, and then it adds to that and says 'at the option of the holder.' Well, now, how can this defendant know when the holder of that note is going to make up his mind to bring suit? He may

think that he will bring suit this month, or next month, or next year. I have stated that this defendant could not possibly determine and no one else determine, except the holder of that note.''

Following this holding appellee was permitted to introduce evidence showing that he received no consideration for the notes in that they were given as his portion of the price of a stallion purchased by him and others for breeding purposes, and that a fair trial of the animal proved him entirely worthless for this purpose for which a written warranty was given appellee and his associates by appellant's assignor at the time of the deal. The introduction of this evidence was objected to by appellant upon the theory that he was a *bona fide* purchaser for value before maturity without notice, and that the notes were negotiable, and therefore not subject to the defense of a lack of consideration as against him. The admission of the evidence was proper, however, if the court was correct in holding the notes non-negotiable; for it is a well-known principle of the law of promissory notes that any defense the maker of a non-negotiable instrument may have to an action brought by the payee will avail in an action by the assignee of the payee, or any subsequent holder, and it makes no difference that the plaintiff is a *bona fide* purchaser for value before maturity. *Wettlaufer* v. *Baxter,* 137 Ky. 362, 26 L. R. A. (N. S.) 804, 125 S. W. 741; *Hegeler* v. *Comstock,* 1 S. D. 138, 8 L. R. A. 393, 45 N. W. 331; 2 R. C. L. 838, par. 12; 8 C. J. 52, par. 54.

We have been unable, notwithstanding the equities in favor of appellee in this particular case, however, to reach the conclusion that a note, otherwise negotiable is rendered non-negotiable because of uncertainty as to time of payment, by a stipulation that the principal and interest may become due and col-

lectable at the option of the holder upon default in
the payment of interest. To make an instrument
negotiable under the law of this state, it must, by
the provisions of paragraph 4146, subsection (3),
Revised Statutes of 1913, "be payable on demand or
at a fixed or determinable future time," and para-
graph 4149 defines what is meant by determinable
future time as follows:

"An instrument is payable at a determinable fu-
ture time within the meaning of this title which is
expressed to be payable: (1) At a fixed period after
date or sight; or (2) on or before a fixed or de-
terminable future time specified therein; or (3) on
or at a fixed period after the occurrence of a specified
event which is certain to happen, though the time of
the happening be uncertain, (4) an instrument pay-
able upon a contingency is not negotiable, and the
happening of the event does not cure the defect."

The notes in question are not payable upon a con-
tingency, as contended by appellee, for the reason
that the time of payment must surely come. The
happening of the contingency here claimed—default
in the payment of interest by the maker and exercise
thereupon by the payee or holder of his option to
declare the principal due—only has the effect of
hastening the time of payment, not defeating it; and
under the authorities, if the contingent event is some-
thing that is certain to happen, as opposed to some-
thing that may or may not occur, it is not a contin-
gency within the meaning of subdivision (4) of said
paragraph 4149.

"What is meant by the provision in section 4 of
the negotiable instruments law that an instrument
payable upon a contingency is not negotiable and the
happening of the event does not cure the defect is
that an instrument that stipulates no fixed or deter-
minable future time at which it must be paid in any
event, but is payable upon a contingency that may
never happen, is not an unconditional promise to

pay." *Bonart* v. *Rabito,* 141 La. 970, 76 South. 166; *Chicago Railway Equipment Co.* v. *Merchants' Bank,* 136 U. S. 268, 34 L. Ed. 349, 10 Sup. Ct. Rep. 999 (see, also, Rose's U. S. Notes).

"The true test of the negotiability of a note seems to be whether the undertaking of the promisor is to pay the amount at all events, at some time which must certainly come, and not out of a particular fund, or upon a contingent event." *Cota* v. *Buck,* 7 Met. (Mass.) 588, 41 Am. Dec. 464.

The date of payment is specified in each of the notes "at a fixed and determinable future time," as required by subsection (2), above, and collection before that time cannot be made unless the maker defaults in the payment of interest, the payee or holder until then having no control over the time of payment, and—

"what is meant by the provision that to be a negotiable instrument a promissory note must be payable at a fixed or determinable future time is that some date must be either fixed or determinable at which the holder of the note may insist upon payment, unless then it shall have been already paid." *Bonart* v. *Rabito,* above.

A note of this kind is less subject to the charge of uncertainty than one maturing on or before a certain date, for then the time of payment depends entirely upon the volition of the maker and yet by the statute itself such a note, if payable to order or bearer, is made negotiable; its holder must accept payment when tendered by the maker, though his right to enforce payment at maturity if it has not been paid is not dependent upon any contingency. As said by the court in *Phelps* v. *Sargent et al.,* 69 Minn. 118, 71 N. W. 927:

"The test, as regards the time of payment, whether an instrument is a promissory note, is whether it provides a certain time when it must be paid at all events, and the right of the holder to enforce pay-

ment becomes absolute. *Mattison* v. *Marks,* 31 Mich. 421; *Jordan* v. *Tate,* 19 Ohio St. 586; *Woollen* v. *Ulrich,* 64 Ind. 120. Now, the note in question names a definite time when it must be paid. It contains no agreement that it shall not be paid on the due day, upon the happening of a specified contingency. The contingent optional clause in this note simply enables the holder, at his volition, to enforce payment sooner, if the maker defaults in the payment of interest, precisely as the maker of a note payable on or before a certain date may, if he so wills, sooner tender payment. The instrument in question is a negotiable promissory note.''

Most all of the authorities hold with the Minnesota court that a provision that the principal is to become due upon default in payment of any installment of interest does not render a note non-negotiable. 1 Daniel, Negotiable Instruments, par. 48; *Chicago Ry. Equipment Co.* v. *Merchants' Bank,* 136 U. S. 268, 34 L. Ed. 349, 10 Sup. Ct. Rep. 999; *Cowing* v. *Cloud,* 16 Colo. App. 326, 65 Pac. 417; *Hunter* v. *Clarke,* 184 Ill. 158, 75 Am. St. Rep. 160, 56 N. E. 297; affirming 83 Ill. App. 100; *Clark* v. *Skeen,* 61 Kan. 526, 78 Am. St. Rep. 337, 49 L. R. A. 190, 60 Pac. 327; *Stark* v. *Olsen,* 44 Neb. 646, 63 N. W. 37; *Mackintosh* v. *Gibbs,* 81 N. J. L. 577, Ann. Cas. 1912D, 163, 80 Atl. 554; *Hollinshead* v. *John Stuart & Co.* (*Hollinshead* v. *Globe Invest. Co.*), 8 N. D 35, 42 L. R. A. 659, 77 N. W. 89; *Merrill* v. *Hurley,* 6 S. D. 592, 55 Am. St. Rep. 859, 62 N. W. 958; *Cunningham* v. *McDonald,* 98 Tex. 316, 83 S. W. 372; *De Hass* v. *Roberts* (C. C.), 59 Fed. 853, reversed on other grounds in 70 Fed. 227, 30 L. R. A. 189, 17 C. C. A. 79, 28 U. S. App. 559; 3 R. C. L. 909, par. 97; 8 C. J. 139, par. 240. A note payable by installments is by statute negotiable, although the whole is to become due upon the failure of the payment of an installment or of

the nonpayment of interest. Paragraph 4147, Rev. Stats. 1913, subd. (3). It is also held that the negotiability of a note is not destroyed by a provision which, in effect, makes it payable in whole or in part at a date earlier than that named at the option of the maker. *Independent School Dist.* v. *Hall,* 113 U. S. 135, 28 L. Ed. 954, 5 Sup. Ct. Rep. 371; *National Salt Co.* v. *Ingraham,* 143 Fed. 805, 74 C. C. A. 479; *Cowing* v. *Cloud,* 16 Colo. App. 326, 65 Pac. 417; *Lowell Trust Co.* v. *Pratt,* 183 Mass. 379, 67 N. E. 363.

The negotiable instruments law of this state, so far as it affects this case—

"is only declaratory of a general rule of the law-merchant that the negotiability of a note is not destroyed by a provision therein that it may become payable on the happening of a stipulated event over which the payee or holder has no control at an earlier date than the date first stated, on which, if not paid sooner, the note must be paid. On that principle it is settled beyond all controversy that a promissory note payable on a fixed date is not rendered nonnegotiable by a stipulation therein that it shall become due if default be made in the payment of an installment of interest or in the payment of another note of the same series." *Bonart* v. *Rabito,* above.

The cases decided, therefore, before the adoption of the negotiable instruments law are in point on the questions involved in this case, and, while they are somewhat divided, yet the great weight of authority favors the view expressed herein. Moreover, we have not been able to find any case decided directly upon the negotiable instruments law, unaffected by other statutory provisions, which holds to the contrary, though there are some which have expressed the opposite view, but they were decided before the negotiable instruments law was adopted by the states in which the decision was rendered, or upon statutes

somewhat modifying it, or on stipulations in the note different from the one in question.

Arizona, along with all the other states and territories of the Union, except two, Georgia and Texas, according to Brannan's Negotiable Instruments Law (3d ed.), pages xiv, xv, issued in 1919, has enacted the negotiable instruments law as recommended by the National Conference of State Boards of Commissioners for Promoting Uniformity of Legislation in the United States. Most of the states have adopted it in the identical form in which it was recommended though a few of them have made some modifications. This movement was prompted by the great need, apparent for a long while to those conversant with the situation, of making as nearly uniform as possible the law in the various states and territories of the Union on the subject of negotiable instruments in order that much of the uncertainty attending the use of commercial paper might be relieved, and to effectuate this purpose even substantially, uniformity in its construction, as well as uniformity in its enactment, is necessary. The construction, therefore, placed upon its provisions by the courts which have adopted it in its entirety, or that portion applicable to the case in hand, should be followed unless clearly erroneous. *Century Bank of City of New York* v. *Breitbart et al.,* 89 Misc. Rep. 308, 151 N. Y. Supp. 590; *Cherokee Nat. Bank* v. *Union Trust Co.,* 33 Okl. 342, 125 Pac. 464.

The ruling of the court admitting evidence showing a lack of consideration for the notes upon the theory that they were non-negotiable was error. The judgment is therefore reversed, and the case remanded, with directions that any further action taken be had in line with the views herein expressed.

ROSS, C. J., and BAKER, J., concur.