[Civil No. 1993.  Filed December 8, 1922.]

[210 Pac. 688.]

## LEE ARNETT, Appellant, v. C. A. REID, Appellee.

1. PLEADING — INSUFFICIENCY OF ANSWER ALLEGING FRAUD HELD WAIVED BY FAILURE TO OBJECT.—Where, though the allegations of fraud in an answer in a suit on a note were not complete, no objections were made, it was not error to receive evidence as though the answer were sufficient.

2. APPEAL AND ERROR—ANSWER TREATED ON TRIAL AS SUFFICIENTLY ALLEGING FRAUD MAY BE SO TREATED BY COURT ON APPEAL.—An answer treated on trial as sufficiently alleging fraud may be so treated by the court on appeal.

3. BILLS AND NOTES—ON EVIDENCE OF FRAUD BURDEN OF PROOF OF GOOD FAITH SHIFTS TO HOLDER.—Under Civil Code of 1913, paragraphs 4187, 4200, 4204, where the evidence in a suit on a note discloses fraud in its inception, the burden of proof shifts to the holder to show purchase in good faith.

APPEAL from a judgment of the Superior Court of the County of Maricopa.  R. C. Stanford, Judge. Affirmed.

### STATEMENT OF FACTS.

On April 4, 1918, the defendant, C. A. Reid, at Phoenix, Arizona, made his three separate notes respectively for $666, $666 and $668, payable October 1, 1918, October 1, 1919, October 1, 1920, at the Phoenix National Bank, Phoenix, Arizona, in favor of Ruby & Bowers, bearing interest at six per cent and providing for an attorney's fee of ten per cent.  Some time after October 1, 1918, the plaintiff, alleging that he was the owner and holder of said notes in due course, brought suit against the defendant to collect the same.

The defendant in his answer admitted the execution and delivery of said notes to Ruby & Bowers, and denied that plaintiff purchased the notes in due course and before the same were due, or that the plaintiff

was the owner and holder of the said notes. The answer further alleged that the notes were given to Ruby & Bowers as the purchase price of a certain stallion and a certain jack, which animals were represented and expressly warranted by the sellers to be sure foal-getters, for which purpose they were purchased by the defendant; that neither of said animals proved as represented, but, on the other hand, were absolutely worthless for breeding purposes; that as soon as this was ascertained defendant promptly gave notice to the sellers of the entire failure of consideration.

On the trial plaintiff introduced the three notes in evidence, which notes were complete and regular upon their face, and indorsed in blank by Ruby & Bowers. Whereupon plaintiff rested. The defendant introduced evidence showing that the two animals were worthless for breeding purposes, and that Ruby & Bowers knew this at the time of the sale, and that their representations that the animals were fit for breeding purposes were false and fraudulent; that defendant rescinded the contract and offered to return animals and demanded his notes. Defendant's evidence also disclosed that the sellers agreed to place said notes with the Phoenix National Bank, of Phoenix, Arizona, for collection, and agreed that the same might be paid out of the fees collected for the services of said animals. Said notes were never left with said Phoenix National Bank.

The case was tried to the court without a jury. The court without making any findings of fact or conclusions of law entered judgment in favor of defendant. This appeal is prosecuted from the judgment.

Mr. Weldon J. Bailey, for Appellant.

Mr. L. L. Pearson, for Appellee.

ROSS, C. J. (After Stating the Facts as Above.)— The appellant assigns as error the admission of defendant's testimony showing fraud upon the part of Ruby & Bowers in negotiating the sale of the two animals to appellee; also in placing the burden of proof upon appellant to show that he purchased said notes in due course. The court did not commit error in allowing the introduction of evidence of the fraud perpetrated by the sellers in support of the allegations of his answer. It is possibly true that the allegations of fraud were not as full and complete as they should have been, but no objections were made to the answer on that account. The trial proceeded, and the evidence was received as though the answer set out every ultimate fact necessary to a complete defense. As it was treated in the lower court, so shall we treat it here.

The "method of procedure" suggested by Mr. Justice BAKER in *Navajo Apache Bank* v. *Willis,* 21 Ariz. 610, 193 Pac. 297, was followed in this case. The appellant, when he introduced the notes showing their indorsement, established a *prima facie* case, but, when it was shown by the evidence of the appellee that the notes were obtained by the payee thereof through fraud, it then became necessary for the appellant to prove that he was a *bona fide* holder of the notes for value before maturity. Under the Negotiable Instruments Law, before a holder of a note is a holder in due course, by paragraph 4197, Civil Code, it must appear, among other things:

"(3) That he took it in good faith and for value.

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Under paragraph 4200, Civil Code, the title of a person who negotiates an instrument is defective

when he obtained the instrument by fraud. Under paragraph 4204 it is provided that—

"Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or some person under whom he claims, acquired the title as a holder in due course."

Under these provisions of our statute we have held in several cases that, when the evidence discloses that fraud was practiced in the inception of the notes, the burden of proof was shifted to the holder thereof to show that he was a purchaser in good faith and in due course. *People's National Bank* v. *Taylor,* 17 Ariz. 215, 149 Pac. 763; *Navajo Apache Bank & T. Co.* v. *Wakefield,* 20 Ariz. 335, 180 Pac. 529; *Lentz* v. *Landers,* 21 Ariz. 117, 185 Pac. 821; *Navajo Apache Bank* v. *Willis,* 21 Ariz. 610, 193 Pac. 297.

In this case the appellant offered no evidence whatever except the notes themselves. Although the answer denied that he was the owner and holder of the notes, or that he had purchased them for value, and set up fraud in their procurement, he gave no word of testimony either by deposition or in person of his *bona fides* as a holder thereof. As was said in *Stevens* v. *Barnes,* 43 N. D. 483, 18 A. L. R. 10, 175 N. W. 709:

"He has neither pleaded, nor proved, nor offered any testimony that he is a purchaser for value, before maturity, without notice, and in good faith. If he were such, it would have been a simple matter to have pleaded it, and equally as simple to have proved it."

In the same case it was said:

"Fraud at the inception of the alleged contract and note having been established, the burden shifted to the indorsee, the plaintiff in this case, to prove by fair preponderance of the evidence that he was a

good-faith purchaser for value, before maturity, without notice. If he could prove each of these elements, the proof was peculiarly within his power. He had an opportunity to plead and prove the same, and has done neither. It was incumbent upon him in this case to prove his good faith; he did not even testify that he had purchased it in good faith.''

In the case of *Stevens* v. *Barnes,* 18 A. L. R. 58, in the note, the annotator says:

''Fraudulent representations in the sale of horses—ordinarily stallions to companies organized for breeding purposes—have been a common source of fraud casting upon the subsequent holder the burden of showing his *bona fides.*''

An examination of the cases cited to this note shows a striking similarity in facts and law to the case at bar and fully sustains the annotator's note.

The appellant's assignment that the judgment is not supported by the evidence is without merit, as is also the assignment that the court erred in not granting a new trial upon newly discovered evidence, inasmuch as the same was a bare statement, without any verification.

The reason of the rule shifting the burden of proof upon the holder of a note obtained from the maker by the payee through fraud is that a fraudulent payee would be likely to shield himself by placing the note in the hands of another person to sue upon, and such presumption operates against the holder. *Jordan* v. *Grover,* 99 Cal. 194, 33 Pac. 889. We think this is a very just rule, and that the facts in this case demand its application.

The judgment is affirmed.

McALISTER and FLANIGAN, JJ., concur.