[Civil No. 2119. Filed April 10, 1924.]

[224 Pac. 825.]

LEE ARNETT, Appellant, v. G. H. CLACK, Appellee.

1. APPEAL AND ERROR—ASSIGNMENTS, WHICH DO NOT SPECIFICALLY POINT OUT WHEREIN EVIDENCE WAS IMPROPERLY ADMITTED, NOT CONSIDERED. — Assignments complaining of the admission of evidence, without specifically pointing out wherein or why the evidence was improperly admitted in accordance with the rules of the court, will not be considered.

2. BILLS AND NOTES—HOLDER NOT REQUIRED TO SHOW THAT HE IS A HOLDER IN DUE COURSE UNTIL EVIDENCE INTRODUCED SHOWING DEFECTIVE TITLE IN PRECEDING HOLDER.—Under Civ. Code 1913, paragraph 4204, providing that every holder of a note is deemed *prima facie* to be a holder in due course, a holder suing on a note is not required to prove that he is a holder in due course until evidence has been introduced tending to show defective title in some preceding holder.

1.  See 2 R. C. L. 164.
2.  See 3 R. C. L. 1037.
    See 3 C. J. 1372; 8 C. J. 984.

APPEAL from a judgment of the Superior Court of the County of Mohave. Richard Lamson, Judge. Judgment reversed with directions.

Mr. Ross H. Blakely, Mr. E. C. Redman, and Mr. Weldon J. Bailey, for Appellant.

. Mr. C. W. Herndon, for Appellee.

ROSS, J.—On another appeal (22 Ariz. 409, 198 Pac. 127) this case was before us on a question not involved now.

Arnett, as the owner and holder of three promissory notes of defendant Clack, instituted suit against him to collect them. The notes were given by Clack to Ruby & Bowers, a partnership, for a stallion to be used for breeding purposes. The defense was a failure of consideration and a denial that plaintiff was the owner and holder of notes in due course. The case was tried before the court with a jury, and a verdict was returned in favor of the defendant. From the judgment, and order overruling the motion for new trial, the plaintiff prosecutes this appeal.

He complains of the admission of evidence; but inasmuch as his assignments are not in accordance with the rules of the court, in that they do not specifically point out wherein or why the evidence was improperly admitted, we will not consider those assignments. For instance, one assignment is: "The court erred in admitting Exhibits A, B, and C."

Amongst other instructions given to which exception is taken is this:

"The court instructs the jury that the burden of proof is on the plaintiff to show that he is a holder in due course."

This is clearly not the law. The rule is that—

"When the evidence discloses that fraud was practiced in the inception of the notes, the burden of proof

26 Ariz.—17

is shifted to the holder thereof to show that he was a purchaser in good faith and in due course.'' *Arnett v. Reid,* 24 Ariz. 410, 210 Pac. 688.

The instruction as given omits to state an essential factor before the burden of proof is shifted to the holder. It broadly places the burden upon the holder of a negotiable instrument, regular on its face, to sustain by a preponderance of the evidence that he purchased the instrument for value, before maturity, and without any notice of defect therein. As we understand the rule, the holders of negotiable instruments are favored to the extent that the law presumes all these things and does not shift the burden until some evidence is introduced tending to show defective title in some preceding holder thereof. The statute, paragraph 4204, Civil Code 1913, provides that ''Every holder is deemed *prima facie* to be a holder in due course. . . . '' This rule is disregarded by the instruction given.

The general rule is just the reverse of that stated, the burden being upon the maker of negotiable paper to show that the holder is not such in due course. It is essential therefore to a correct instruction that it recognize the duty of the defendant to show that the title of some person who has negotiated the instrument was defective before the burden is shifted to the holder to prove that he, or some person under whom he claims, acquired title in due course.

The judgment of the lower court is reversed, and the cause remanded, with the direction that a new trial be granted.

McALISTER, C. J., and LYMAN, J., concur.