[Civil No. 4263.   Filed February 17, 1941.]

[110 Pac. (2d) 235.]

ALBERT A. HAYS, Receiver of J. D. Halstead Lumber Company, a Corporation, Appellant, v. THE BANK OF ARIZONA, a Corporation, Appellee.

Messrs. Cunningham & Carson and Mr. Joseph T. Melczer, Jr., for Appellant.

Messrs. Favour, Baker & Crawford, for Appellee.

LOCKWOOD, C. J.—This is an appeal by Albert A. Hays, as receiver of J. D. Halstead Lumber Company, a corporation, hereinafter called the company, from a judgment in favor of the Bank of Arizona, a corporation, hereinafter called the bank. The facts of the case are not in serious dispute and may be stated as follows.

For many years C. W. Lincicum was the manager of the Williams branch of the company. He and his wife owned certain property in Williams, and on July 27, 1937, applied to the bank for a F. H. A. loan to build thereon. Plans and specifications were quickly approved but it took some time to clear the title to the real property, and it was not until December 28, 1938, that a note for $3,500 and a mortgage securing it were finally executed, and the mortgage duly recorded on the next day. Prior to this time, however, the bank had advanced a certain sum for construction purposes, and Lincicum had purchased materials from the company and placed them on the premises, the total value thereof up to December 30th being $547.41. On that date Lincicum requested the bank to advance him under the mortgage a sufficient amount of money to pay off his account with the company for the materials already furnished, and to purchase all additional materials required to complete the house, stating that he could thus secure a discount on the price of the materials. The bank, therefore, advanced to him $1,500 of which $202.20 was deducted to pay certain notes which Lincicum had previously given to the bank, and the balance of $1,297.80 was deposited in the bank to the personal account of Lincicum. On the same day Lin-

cicum drew his personal check in favor of the company in the sum of $1,186.32 and deposited it in the bank in the company account. This check was charged by the bank against Lincicum's personal account, and credited to the yard account of the company. Instead, however, of crediting this amount in the books of the company to his personal account for materials already purchased and to be purchased, as he had told the bank he intended to do, Lincicum credited it to various other accounts to cover up a shortage existing in his accounts with the company. Shortly thereafter the shortage was discovered and the bank made application to the company for a credit of the amount thus paid the latter by Lincicum, part on the debt for the lumber bought by him, and the balance as a trust fund in favor of the bank. The company had in the meantime filed a materialman's lien against the Lincicum premises for the materials already furnished. When the company refused to comply with the request of the bank, the latter brought this suit asking, among other things, that the debt of Lincicum to the company be declared satisfied and that it be held to owe the bank the balance of the amount paid by him. Judgment was rendered in favor of the bank and the company appealed.

It is the position of the bank (a) that the company had imputed knowledge of the agreement between Lincicum and the bank in regard to the application of the amount advanced by the bank, and was, therefore, bound to carry out the agreement, and (b) that in any event its mortgage is a claim prior to the materialman's lien of the company, for the reason that the latter had imputed knowledge through its agent Lincicum long before any material was furnished that the mortgage was to be placed upon the premises, and that under section 62–213, Arizona Code 1939, the materialman's lien was subsequent to the lien of the mortgage.

It is the position of the company, on the other hand, (a) that upon the facts stated above no knowledge was imputed to it of the agreement between Lincicum and the bank as to the disposition of the money advanced, and that it was, therefore, not bound to apply the money so received according to that agreement, but might allow the credit to remain where Lincicum had applied it, to wit, to the shortages, and (b) that it had no notice, actual or constructive, of the transactions in regard to the proposed mortgage until after it had begun to furnish the material.

■■ The whole case depends upon whether the knowledge of Lincicum in regard to all these matters was imputed to the company. If it was, judgment was properly rendered in favor of the bank. If it was not, judgment should have been in favor of the company. The general rule of law is that the knowledge of the agent in regard to any business he conducts which affects his principal is imputed to the principal. *South-ern Cas. Co.* v. *Hughes,* 33 Ariz. 206, 263 Pac. 584; *Navajo-Apache Bank & Trust Co.* v. *Willis,* 21 Ariz. 610, 193 Pac. 297. This, however, is qualified by the exception that if in the particular transaction in question the agent has an interest which is adverse to that of the principal no such imputation exists. The reason for this exception is that the general rule depends upon the natural presumption that a disinterested agent will inform his principal of any transactions affecting the latter's business, but that when the interest of the agent in the transaction is actually hostile to that of the principal, the presumption is the other way. Restatement Law of Agency, § 279; 3 C. J. S., Agency, § 269, p. 203, and cases cited.

■ The question is not one of the authority of Lincicum as agent of the company to receive any payment for it and his duty as such agent to apply it to the account designated by the payor. Had the bank

paid the money directly to the company that issue would have been material. It chose, however, to make the loan to Lincicum in his private capacity and paid the money into his personal account, leaving it in his power to do as he pleased with it. Had Lincicum used the money for any purpose in no way connected with the company, the only remedy of the bank unquestionably would have been against him personally. When he drew the money from his private account and paid it to the company as a debtor of the latter, he had the right to direct to what debt the payment should be applied. *Webb* v. *Crane Co.,* 52 Ariz. 299, 80 Pac. (2d) 698. Nor was this right affected by the fact that he, as agent of the company, received it and entered the credits on the books. The whole issue is whether the company had imputed knowledge of the facts leading up to the loan and the agreement between the bank and Lincicum. If it had, it was its duty to apply the money in accordance with the agreement. *Webb* v. *Crane Co., supra.* But, since it is obvious that Lincicum's interest through the entire transaction was hostile to that of his principal, under the practically unanimous authorities the company, which admittedly had no actual knowledge of the arrangement with the bank, had no imputed knowledge thereof and cannot be held bound to apply the money in accordance with such agreement.

We come next to the question as to whether the materialman's lien or the mortgage was prior in right. This is governed by section 62–213, *supra,* which reads as follows:

"Preference over subsequent encumbrances. The liens provided for in this article, (labor and materialmen's liens), unless otherwise herein provided, are preferred to all liens, mortgages or other encumbrances which have attached upon the property, subsequent to the time when the labor was commenced or the ma-

terials commenced to be furnished, also, to all liens, mortgages and other encumbrances of which the lien-holder had no notice, actual or constructive, at the time he commenced the labor or commenced to furnish the materials.''

It will be seen that in order that a mortgage may be superior to the lien of a materialman, the latter must have notice, either actual or constructive, of its existence at the time he commences to furnish the material. Admittedly there was no constructive notice by recording until after the company had commenced to furnish the material, but it is urged that Lincicum, as agent of the company, had actual notice that the mortgage was about to be given and that this was actual notice to the company. Again, we think it is necessary to apply the rule in regard to imputed notice. The interest of Lincicum, as is shown by the evidence in the case, was hostile to that of the company, and it follows that notice to him that the mortgage was to be executed was not notice of that fact to the company.

The judgment of the superior court of Coconino county is reversed and the case remanded with instructions to enter judgment for the company, in accordance with the principles expressed herein.

McALISTER and ROSS, JJ., concur.