TALCOTT
v.
COGSWELL.

2. That the present application is the *proper mode* of taking advantage of this matter.(*a*)

BY THE COURT,

The petition was adjudged insufficient.

(*a*) *Gilb. Chan.* 200—202. *Martin* v. *Martin,* 1 *Ves.* 211. *Brooks et Ux.* v. *Reynolds,* 1 *Bro. Chan. Cas.* 183. *Hardcastle* v. *Chettle,* 4 *Bro. Chan. Cas.* 163. *Mayor and Corporation of York* v. *Pilkington,* 2 *Atk.* 302.

---

### WILLIAM TALCOTT *against* MASON F. COGSWELL.

Where there are several endorsors of a promissory note, they are, in general, liable to each other, in the order of their respective endorsements.

THIS was an action of *assumpsit* by the second endorsor of a promissory note against the first endorsor, for one moiety of the amount of the note, paid by the plaintiff, on the failure of the maker. The action was commenced in *December,* 1804.

*A.* being indebted to *B.* by note, and proposing to pay part by a new note, makes his note payable to *C.* and then procures *C.*, and afterwards *D.* to endorse it, for *A.'s* accommodation; the note becoming due,

The case, as it appeared from the evidence, was as follows: In the latter part of the year 1800, *Samuel Tudor* held *William Howe's* note, endorsed by the defendant, for 500 dollars. When that note became payable, *Howe* called on *Tudor,* and offered him, in part payment, another note, with the same names, for 400 dollars. *Tudor* objected to receiving it, without another name on the back; upon which it was agreed that the plaintiff's should be added. *Howe* accordingly presented the note

after having been accepted by *B.*, and discounted for him at the bank, *A.* fails to take it up, and *C.* and *D.*, after notice of such failure, come separately to the bank, and take it up, each paying a moiety. In an action brought, more than three years afterwards, by *D.* against *C.*, to recover back the money paid by *D.* on the note, these circumstances furnish sufficient evidence, that the endorsement by both was *joint,* and each having paid what, in that case, each would be compellable to pay, no recovery can be had.

to the plaintiff, who endorsed his name under that of the defendant. The note was then delivered by *Howe* to *Tudor*, who got it discounted at the *Hartford* bank. *Howe* failed to take it up; the endorsors were both notified; and each came separately to the bank, and paid 200 dollars.

*Feb.* 1807.

TALCOTT
v.
COGSWELL.

*T. S. Williams* and *S. Terry*, for the plaintiff.

*Goodrich* and *Dwight*, for the defendant.

SWIFT, Pr. J. in summing up. There is no question but that the first endorsor is liable to the subsequent endorsors, in case they have to pay the money. The question, in this case, is a question of fact, whether both plaintiff and defendant were not *joint sureties* to *Tudor* for *Howe?*

The jury found a verdict for the plaintiff.

THE COURT were of opinion, that the circumstances of the case furnished sufficient evidence that the endorsement was *joint;* and that each having paid what, in that case, each would be compellable to pay, the verdict ought to be for the defendant. They, therefore, returned the jury to a second, and afterwards to a third consideration; but the jury adhered to their verdict.