THIS was a bill in chancery filed by Winslow, seeking relief in virtue of an entry agaiust the defea. dants, holding under the elder grants.
The entry,-in virtue of which he asserts his claim, is as follows:
“ July-4th, 17 80.
if Daniel Boon, assignee of B. Winslow, enters 500 * acres upon a military warrant, to begin at the mouth * of Jouett’s creek on the lower side, to run north urn. *34 «til a due west course will strike Iliehnan^s tméj < thence along said line to Madison’s line; thence with * Madison’s line to his cot ner■; from thence with the «said course to the Kentucky River; thence up the «same to the beginning,”
The notoriety of the Ken tucky River by 1 hat name on the 4ih dav of June 17S0 .will be presumed. The notoriety of an old military survey will not bepresumed
This entry was deemed , void by the circuit court, and the complainants bill being dismissed, he has appealed to this court.
2. We have no hesitation in according with the circuit court, fhe beginnng of the. complainant’s entry is no doubt sufficiently established ; for Jouett’s creek is proven to have been well known at the date of the entry by that naide, and the Kentucky River must unquestionably be presumed to be notorious; but. the proof with respect to the other objects called for, is wholly insufficient to sustain the entry. It is shewn, indeed, that Hickman liad a military survey of 2000 acres, about a mile and a half north of the Kentucky River' and some distance below Jouett’s creek, anti that Mad-. Ison had a 10-,0 acre military survey, ijing below Hickman’s, though riot adjoining it and still farther from the river; but there is no proof that either of these surveys was generally known in their vicinity atibe date of the entry in question. So completely was Madison’s survey unknown, that Boon, supposing the land covered by it to be vacant, settled a station on it, with a view of appropriating it by a preemption warrant, and did not discover his mistake «mil some months after the entry in question was-made. As the entry therefore, gives no definite direct tions which would lead to those surveys, it is impossible to say that either of them could have been found with reasonable diligence by a subsequent locator. But admitting those surveys could be found, yet, by complying with the calls to adjoin them, (and they cannot, we apprehend, be dispensed with,) the entry would cover ten times the quantity located, and must therefore, according to the repeated decisions of this court, be d> erued void. There has been, indeed, a feeble attempt made by the complainant to prove that there had been a survey made for Madison between Hickman’s and the river, but the proof on this subject is entirely unsatisfactory, and if ever such a survey had been made, still the position and course of its, *35 lines are not ascertained, without which, the entry in question could not be supported.
The decree must be affirmed.with costs.