Per Curiam.
The notice sent to Lenox by the notary, that not being the place of the defendant’s residence, was not sufficient to charge him as indorser. But we think that the notice sent to the defendant at Lee, through the Phoenix bank, was sufficient. It has been determined, that where a bill or note has been transmitted by the holder to an agent for collection, and it is presented by the agent and dishonored, if the protest or other evidence of dishonor is transmitted by the agent to his principal, and by him seasonably sent to the indorser, it is sufficient, although the indorser does not in fact receive it so soon, as if it had been transmitted directly by the agent to the indorser. Colt v. Noble, 5 Mass. R. 167.[1]
The question then is, whether the notary was the agent of the Phoenix bank of Connecticut, or in other words, whether they were the real and actual holders of the note ; and we think upon the facts stated that they were. The evidence which was offered by the defendant shows, that the note was discounted at the Phoenix bank, and was paid at the same bank, and shows satisfactorily, that it was sent to the cashier of a bank in New York for collection only. The indorsement of the bill by the cashier of the Phoenix bank to the cashier of a bank in New York, is not conclusive evidence of a transfer of the property in the bill. The indorsement may operate as a transfer of the property, or as an authority to collect ; it is therefore competent to show by other evidence, where the fac* becomes material, whether it operated in the one way or the other. It was therefore competent to show, and we think the evidence does show, that the Phoenix bank were the real holders of the note, that their cashier indorsed it to Fleming for *560 collection only, for which purpose he placed it in the hands of ^ie notai7) that the notary thus became the agent of the Phcenix bank, and did right in transmitting to them the evidence of the non-payment, and that it was for them to determine, whom, among the numerous indorsers, they would look to for payment, and to notify them accordingly ; and they having seasonably transmitted the notice to the defendant after they received it, he thereby became liable.
The defendant further objects, that as between the plaintiffs and himself, there was no consideration ;jhat it was a mere accommodation note, and if liable at all, that he is liable only to contribute as a surety, proportionably with those who likewise became sureties by their respective indorsements. The Court are all of opinion that this is an entirely incorrect view of the transaction ; and that it would greatly tend to impair the credit and check the circulation of indorsed negotiable instruments, if such were the construction put upon them.
Nor do the authorities cited support the position taken by the defendant.
The general rule is, that in regard to negotiable instruments, a consideration is implied by law, not only as between the promisor and promisee, but also as between each indorser and indorsee. Another rule, familiar to every lawyer and merchant, and of universal application, is, that any indorser who may be called upon to pay, may look to his immediate indorser, or to either of the prior parties, for an indemnity, for the whole amount thus paid ; and that every indorser is conditionally liable to pay, in case of the failure of the maker or acceptor, that is, upon the conditions, that the bill or note is presented to the acceptor or maker, when due, and if not paid, that such indorser be seasonably notified of its non-payment. These principles are extremely familiar, and we think they are quite sufficient to establish the validity, and render safe the currency of indorsed accommodation bills. By the fact of indorsement, the indorser admits a consideration equal to the value of the bill ; an admission by which he is bound. He takes upon himself the conditional obligation of indorser, and that only, and of course is responsible only after seasonable presentment to the promiser for payment, his refusal or neglect to pay, and *561 seasonable notice of that fact given to himself by the holder. It follows of course, that he becomes entitled to all the privileges and immunities of an indorser, one of which is, to have a remedy over for the whole amount against either of the prior parties. To this each and every one, by the fact of indorsement, is by the law considered as assenting. The consequence therefore is, that the rights and duties of the several parties to an accommodation note or bill of exchange, are the same as upon those which are denominated business notes, such being the legal effect of the contract, into which they respectively enter, by becoming such parties.[1]

Defendant defaulted.

 See Farmers fy Mechanics Bank v. Turner, 2 Littell, 33; State Bank of Elizabeth v. Ayers, 2Halsted, 130; U. 8, Bank v, Goddard, 5 Mason, 366; Talbot v. Clark, 8 Pick. 51; Ogden v, Dobbin, 2 Hall, (N. York,) 112.

 See Donald v. Magruder, 3 Peters, 470; Stone v, Vincent, 18 Martín, 517; Farmers Bank v. Van Meter, 4 Randolph, 553; Talcot v. Cogsioell, 3 Day, 512; Hixon v. Reed, 2 Littell, 174. But see Douglass v. Waddle, 1 Hammond, 413 ; Daniel v. MiRaet 2 Hawks, 590