# CHARLESTON.

## TOLER v. SANDERS *et als.*

Submitted November 30, 1915.   Decided December 14, 1915.

1. JUDGMENT—*Setting Aside Office Judgment—Counter Affidavit—By Whom Made.*

   The counter affidavit constituting ground for the setting aside of an office judgment, obtained in a proper case on a declaration accompanied by the statutory affidavit of the plaintiff, under the provisions of sec. 46, ch. 125, Code, ser. sec. 4800, must be made by the defendant himself. One made for such purpose by his attorney is insufficient. (p. 399).

2. BILLS AND NOTES—*Waiver—Effect—Indorsers—Guarantors.*

   A waiver of presentment and demand for payment and of protest and notice of dishonor and non payment and guaranty of payment, written or printed on the back of a negotiable note and signed by persons described in such waiver as endorsers, makes them liable as both endorsers and guarantors. (p. 400).

3. COSTS—*Taxation—Appeal—Correction of Judgment.*

   An error of less than $100.00 in a pecuniary judgment brought to this court, on assignments of error pertaining to jurisdictional amounts, will be corrected, notwithstanding the failure of such assignments, but the costs made here are adjudged to the defendant in error, under such circumstances. (p. 400).

Error to Circuit Court, Wyoming County.

Action by W. S. Toler against H. W. Sanders and others. Judgment for plaintiff, and defendants bring error.

*Judgment corrected and affirmed.*

*John Kee, James H. Gilmore, J. Albert Toler,* and *Belcher, Stiles & Goetlman,* for plaintiffs in error.

*L. S. Hutchens,* for defendant in error.

POFFENBARGER, PRESIDENT:

The judgment complained of was rendered in an action of debt, on a negotiable note, in favor of the payee and against the maker and two other persons who subscribed their names on the back thereof, under a clause waiving their homestead rights, presentment and demand for payment and notice of

dishonor and non-payment, to which there was added a guaranty in the following terms: "We, or either of us, guarantee payment of the within note."

Though the overruling of the demurrer is assigned as error, no defect in the declaration has been indicated, nor is any perceived.

With it, the affidavit provided for by sec. 46 of ch. 125, Code, ser. sec. 4800 was filed. The demurrer having been filed and overruled before the office judgment became final and irrelievable, the defendants, for the purpose of setting it aside and opening the case for defense, tendered the affidavit of their attorney, saying he had personal knowledge of the material facts "in relation to" the case and that there was not, as he verily believed, anything due from them or any of them, upon the demand stated in the declaration; to the filing of which an objection was made and sustained, on the ground that the statute, sec. 46, ch. 125, Code, requires a counter affidavit for such purpose, to be made by the defendant himself, and does not authorize the making thereof by an attorney. No personal affidavit of the defendants or any of them having been tendered, the court refused to set aside the office judgment, rejected their plea subsequently tendered and entered its judgment on the note and the affidavit of the plaintiff filed with the declaration. Exceptions to all these rulings were saved upon the record.

The filing of a sufficient counter affidavit was a condition precedent to the right to plead matters of fact, and the statute says "the defendant" shall, in such case, file "his affidavit". *Expressio unius est exclusio alterius.* The affidavit required for such purpose is not merely formal. An appeal to the conscience of the defendant is the legislative purpose made manifest by the terms of the statute. He is required to say upon his own oath whether, according to his belief, he has any defense, his adversary having, on his oath, affirmed the reality and *bona fides* of the demand made. The defendant is designated as the person to make the counter affidavit, because, presumptively and almost uniformly, he knows better than any other person, whether there is a ground of defense. This interpretation accords with that put upon a similar statute, in *Merriman Co.* v. *Thomas & Co.*, 103 Va. 24.

By signing the stipulations on the back of the note, two of the defendants made themselves both endorsers and guarantors thereof. They describe themselves as "the undersigned endorsers" and expressly guarantee payment. That makes them liable in both capacities and enlarges their liability as endorsers. *National Ex. Bank* v. *McElfresh Clay Mfg. Co.,* 48 W. Va. 406; *Patridge* v. *Davis,* 20 Vt. 500; *Robinson* v. *Lain,* 31 Ia. 9; *Heard* v. *Dubuque County Bank,* 8 Nebr. 16; *Deck* v. *Work,* 57 How. Pr. (N. Y.), 292; *State National Bank* v. *Haylen,* 14 Nebr. 480; *Kellog* v. *Douglass Co. Bank,* 58 Kan. 43; *Pollard* v. *Huff,* 44 Nebr. 892; *Maddox* v. *Duncan,* 143 Mo. 613; Daniel, Neg. Inst., sec 1781.

The note was, therefore, admissible under the declaration charging said two defendants as endorsers.

Respecting the amount, the judgment is erroneous to the extent of $23.40, it having been rendered for $1540.72, and the amount due at the date thereof having been $1517.32, but valid in all other respects.

Correcting the error, we will affirm it, but costs in this court will be adjudged to the defendant in error, since the error in the judgment is less than $100.00. *Wallace* v. *Leroy,* 57 W. Va. 263; *Aspinal* v. *Barrickman,* 29 W. Va. 508; *Bee* v. *Burdett,* 23 W. Va. 744; *Love* v. *Pickens,* 26 W. Va. 341; *Rymer* v. *Hawkins,* 18 W. Va. 309.

*Judgment corrected and affirmed.*