# W. H. HIGHLEYMAN, Respondent, v. McDOWELL MOTOR CAR COMPANY, Appellant.

### Kansas City Court of Appeals, November 10, 1919.

1. **NEGOTIABLE INSTRUMENTS: Endorsements: Pleading.** An allegation that the defendant sold a note to plaintiff and duly assigned same on the back thereof is equivalent to an allegation that defendant endorsed the note.

2. ———: **Discharge of Party Secondarily Liable.** The discharge of a person primarily liable on a note by a finding in his favor in a suit against him by the holder is not such a discharge under clause 3 section 10090, Revised Statutes 1909, or such a release, under clause 5 of the same section, as will discharge a person secondarily liable on the instrument. The "discharge" and "release" contemplated by the above clauses are ones resulting from the act or neglect of the creditor and not from operation of law.

3. ———: **Attorney's Fee.** Provision in a note for the recovery of an attorney's fee in case of a suit on the note, limits the recovery to an attorney's fee for the prosecution of the suit in which the fee is recovered and does not cover such a fee in the prosecution of an independent suit against another party to the note.

4. ———: **Costs of Another Suit.** No recovery of the costs of an independent suit against the maker of notes, based upon an agreement with the defendant, can be had where the defendant is sued on the notes and not on the agreement.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain*, Judge.

AFFIRMED (*conditionally*).

R. S. *Robertson* for respondent,

*Fyke & Snider* and *Fenton Hume* for appellant.

BLAND, J.—This is an action in three counts. The first and second seek to recover the amount of two promissory notes executed by one O. L. Boss to the McDowell Motor Car Company, and by it endorsed to

the plaintiff.  Prior to this action the plaintiff brought suit on the same notes against Boss and the defendant herein in the circuit court of Pettis county, Missouri, where Boss lived, the Motor Car Company being a resident of Jackson County, Missouri.  An agreement in writing was entered into between plaintiff, Highleyman, and the defendant, Motor Car Company, that if plaintiff dismissed that suit as to the latter and proceeded against the maker, Boss, alone, and should fail to recover against Boss for any reason that did not discharge the Motor Car Company, and thereafter desired to prosecute an action against the Motor Car Company on account of any rights accruing to him under said notes, he could do so and it would not be claimed as a defense thereto that a previous action had been brought against Boss to which the Motor Car Company was not a party, and that such subsequent action could be maintained in Pettis county.  Plaintiff dismissed said suit as to the Motor Car Company and proceeded against Boss alone.  The jury, however, found that there were certain equities existing between Boss and the Motor Car Company which discharged Boss and that plaintiff had knowledge of these equities when he purchased the notes.  The jury returned a verdict for Boss and the judgment in his favor became final.

Thereupon, pursuant to the agreement aforesaid, plaintiff brought the present action against the defendant.  Each of the notes was dated April 17, 1917, each was for the sum of $100.  The note mentioned in the first count was due on September 1, 1917, and the one covered by the second count became due October 1, 1917.  Each of said notes contained a provision that "in case suit is brought to enforce payment hereof we hereby agree to pay to the payee reasonable attorney's fee and such attorney's fee shall be included and taxed in the cost of suit."  And each of said counts sought to recover also $50 as a reasonable attorney's fee for bringing the suits.  The third count was to recover $38.95, the costs of the suit against Boss.

The defendant set up the other suit and the fact that judgment was therein rendered in favor of the maker whereby he was discharged and that the subject-matter thereof was the same as involved herein and to which plaintiff herein was a party and that thereby plaintiff's rights concerning the subject-matter of that, and also of this, suit were finally fixed, adjudicated and determined, and that plaintiff was bound thereby, and the note and the maker thereof were discharged, and that by the same action this defendant was discharged and is not liable in this action.

The plaintiff, in reply, set up the agreement in writing heretofore mentioned. A jury was waived and the cause was tried by the court and a judgment rendered for plaintiff on all three counts, for $115 and $50 attorney's fee on each of the first and second counts and for $38.95 on the third count.

Defendant urges that the petition alleges that plaintiff took the notes from defendant as a mere assignee and that, therefore, the assignment gave plaintiff nothing more than the assignor received from the maker and as the assignor's interest in the notes was worthless (the Boss case showing that there were equities that discharged the notes) that plaintiff took nothing by the assignment whether or not he had notice of the equities. We need not pass upon the soundness of this contention for the reason that we think the petition by fair inference alleges that the notes were endorsed to plaintiff for value and without notice. The petition must be liberally construed after verdict. It alleges—

"That on the —— day of ——, 1917, defendant, the McDowell Motor Car Company, for a valuable consideration sold the said note to this plaintiff and duly assigned same on the back thereof said note with said assignment on the back thereof being attached hereto. marked Exhibit A and made a part hereof; that said note among other things provided that the endorsers, sureties and guarantors severally waive presentment, demand, protest and non-payment. . . .

"Plaintiff states that defendant is liable to this plaintiff as endorser on said note."

An allegation that the notes were assigned on the back thereof is equivalent to an allegation that they were endorsed. [Mundy v. Whitmore, 19 N. W. (Neb.) 694; Andrews v. Whitehead, 60 S. W. (Tex.) 800, 801, 802; Davidson v. Powell, 114 N. C. 575; Sears v. Lantz, et al., 67 Iowa, 658; Henderson v. Ackelmire, 59 Ind. 540; Markey v. Corey, 36 L. R. A. 117; 119, 120.] There being no date of the endorsements alleged, the inference from the allegation is that they were made before the maturity of the notes and that the endorsee acquired the notes for value and in good faith. [Crawford v. Johnson, 87 Mo. App. 478; Eyermann v. Piron, 151 Mo. 107, 116.]

It is urged by defendant that by virtue of clauses 3 and 5 of section 10090, Revised Statutes 1909, that it is discharged. Said section reads as follows:

"A person secondarily liable on the instrument is discharged . . . (3) by the discharge of a prior party, except when such discharge is had in bankruptcy proceedings . . . (5) by a release of the principal debtor, unless the holder's right of recourse against the party secondarily liable is expressly reserved."

It is contended that the judgment in the Boss case in his favor discharged him (the person primarily liable) and by virtue of clause 3, section 10090, Revised Statutes 1909, defendant is likewise discharged. Clause 3 of said statute is merely declaratory of the law theretofore existing and the discharge therein mentioned does not mean a discharge by operation of law but a discharge by some act or neglect of the creditor. [Phillips v. Solomon, 42 Ga. 192; Post v. Losey, 111 Ind. 74, 84; Guild v. Butler, 122 Mass. 498; 8 C. J. 617.] Defendant is not released by virtue of clause 5 of the statute for it is apparent that the release under that section is likewise to be made by the creditor and not by operation of law.

However, it seems plain to us that there can be no recovery in this suit of attorney's fee and costs in the Boss case. The provision in the notes relating to the recovery of an attorney's fee confines the recovery to a "suit," that is, *one* suit and the recovery is to be an "attorney's fee." Evidently the recovery of an attorney's fee is to be confined to the fee earned in the proscution of the present suit and not other suits whether or not they be successfully prosecuted. Of course, there is no authority to tax in this case the *court costs* in the Boss case.

Something is said by plaintiff about the agreement of dismissal of defendant in the Boss case affecting the liability of this defendant for attorney's fee in that case. It is sufficient to say in reply to this contention that this is not a suit on that agreement but a suit on the notes and the point must be decided in view of the contents of the notes alone.

If plaintiff shall within ten days remit the sum of $88.95, to cover $50 of the attorney's fee, which the evidence shows was incurred in the Boss case, and $58.95 the amount of costs in that case, the judgment will be affirmed, otherwise it will be reversed and the cause remanded. All concur.