(October 19, 1922.)

## WALTER HUTSON, Respondent, v. C. M. RANKIN, Appellant.

[213 Pac. 345.]

PROMISSORY NOTE—NEGOTIABILITY—EFFECT OF PROVISION FOR ATTORNEY'S FEE — EFFECT OF PROVISION ACCELERATING MATURITY IN CASE OF DEFAULT IN INTEREST PAYMENT AND INCREASING RATE OF INTEREST AFTER MATURITY—SPECIAL INDORSEMENT IN FORM OF GUARANTY.

1. The provision in a promissory note: "In case this note is collected by an attorney, either with or without suit, the makers agree to pay a reasonable attorney's fee," does not impair its negotiability under the provisions of C. S., secs. 5868 and 5869, since the amount payable is certain up to the time of maturity, and the condition only goes so far as to provide for a contingency arising upon default in payment.

2. Under the provisions of C. S., sec. 5869, subd. 3, the negotiability of a promissory note is not destroyed by a provision therein that upon default in payment of interest the whole shall become due and that after maturity the rate of interest shall be increased from eight per cent to ten per cent.

3. An entry made and signed by the payee on the back of a negotiable promissory note: "For value received we hereby guarantee payment of the within note, including interest and costs at maturity or any time thereafter demanded," operates as a transfer of the title to the note and as an indorsement thereof.

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. O. R. Baum, Judge.

Action upon promissory note. Judgment for plaintiff. *Affirmed.*

E. C. Boom and Morgan & Keane, for Appellant.

A note providing that "In case this note is collected by an attorney, either with or without suit, the makers agree to pay a reasonable attorney's fee," is not negotiable. (C. S.,

subd. 2, sec. 5868; subd. 5, sec. 5869; note, L. R. A. 1916B, 675–677; *Morgan v. Edwards,* 53 Wis. 599, 11 N. W. 21.)

A note providing for interest on the principal sum at the rate of eight per cent per annum, payable quarterly, and that if the note is not paid when due it shall draw interest at the rate of ten per cent per annum, and also containing an acceleration clause under which the payee may, at his option, declare the whole note due and collectible in case default is made in the payment of the interest quarterly, is not negotiable. (C. S., subd. 3, sec. 5868; subd. 3, sec. 5869; sec. 5871; *Kimpton v. Studebaker Bros.,* 14 Ida. 522, 94 Pac. 1039; *Bell v. Riggs,* 34 Okl. 834, 127 Pac. 427, 432; *Davis v. Brady,* 17 S. D. 511, 97 N. W. 719; *Story v. Lamb,* 52 Mich. 525, 18 N. W. 248; *Holliday State Bank v. Hoffman,* 85 Kan. 71, 116 Pac. 239; *Pierce v. Talbot,* 213 Mass. 330, 100 N. E. 553; *Smiley v. Watson,* 23 Cal. App. 409, 138 Pac. 367; *Bright v. Oldfield,* 81 Wash. 442, 143 Pac. 159; *Reynolds v. Vint,* 73 Or. 528, 144 Pac. 526; *Roblee v. Union Stockyards Nat. Bank,* 69 Neb. 180, 95 N. W. 61; *Randolph v. Hudson,* 12 Okl. 516, 74 Pac. 946; *First Nat. Bank of Iowa City v. Watson,* 56 Okl. 495, 155 Pac. 1152; *Lambert v. Harrison* (Okl.), 171 Pac. 45; *Cornish v. Woolverton,* 32 Mont. 456, 81 Pac. 4.)

A note bearing on its back only a contract of guaranty, signed by the payee, is rendered non-negotiable, and, in the hands of a holder for value before maturity, it is subject to all equities and defenses existing in favor of the maker against the payee. Such a contract, standing alone, is not an indorsement, and the note is not thereby negotiated. (C. S., secs. 5897, 5898, 5930, 5933, 6062; *Central Trust Co. v. First Nat. Bank,* 101 U. S. 68, 25 L. ed. 876; *Miller v. Lewiston Nat. Bank,* 18 Ida. 124, 108 Pac. 901; *Noble v. Beeman-Spaulding-Woodward Co.,* 65 Or. 93, 131 Pac. 1006; *Jones County T. & S. Bank v. Kurt,* 192 Iowa, 965, 182 N. W. 409; *Eastern Townships Bank v. St. Johnsbury etc.,* 40 Fed. 423; *Lowry Nat. Bank v. Maddox,* 4 Ga. App. 329, 61 S. E. 296; *Swanson v. Stoltz,* 36 Wash. 318, 78 Pac. 999; *Ireland v. Floyd,* 42 Okl. 609, 142 Pac. 401; *Spencer v. Halpern,* 62

Ark. 595, 37 S. W. 711; *Hibernia Bank & T. Co. v. Dresser,* 132 La. 532, 61 So. 561; *McKee v. District Nat. Bank,* 38 App. Cas. (D. C.) 465; *Edgerly v. Lawson,* 176 Mass. 551, 57 N. E. 1020; *Iron City Nat. Bank v. Rafferty,* 207 Pa. 238, 56 Atl. 445.)

Peterson & Coffin and Chas. H. Darling, for Respondent.

The provision in this note in regard to attorney's fees does not render the note non-negotiable. (*McNary v. Farmers' etc.,* 33 Okl. 1, 124 Pac. 286, 41 L. R. A., N. S., 1009; *First Nat. Bank of Sidney v. Baldwin,* 100 Neb. 25, 158 N. W. 371; *Pollard v. Huff,* 44 Neb. 892, 63 N. W. 58; *Mangold & Glandt Bank v. Utterback,* 54 Okl. 655, 160 Pac. 713; *Delsman v. Friedlander,* 40 Or. 33, 66 Pac. 297, 8 C. J. 354; *Childs, Jr., v. Davidson,* 38 Ill. 437.)

BUDGE, J.—This action was brought by respondent to recover upon a promissory note, which reads as follows:

"$1100.00.  March 1, 1920.

"On or before the 1st day of March, 1921, for value received C. M. Rankin of Caldwell R. 4 promises to pay to Northwestern Investment Company, a corporation, or order, at Pocatello, Idaho, Eleven hundred Dollars, with interest thereon at the rate of eight per cent per annum, payable quarterly.

"But in case this note is not paid when due, then it shall draw interest at the rate of ten per cent per annum until paid. In case default is made in the payment of interest according to the terms hereof, the whole of this note may be declared due and collectible. In case this note is collected by an attorney, either with or without suit, the makers agree to pay a reasonable attorney's fee. The makers, sureties, endorsers or guarantors, severally waive presentment, protest and notice of protest, and the benefit of any law intended for their advantage or protection.

"(Signed)  C. M. RANKIN."

Upon the back of the note the following notation appears:

"For value received, we hereby guarantee payment of the within note, including interest and costs at maturity or any time thereafter demanded.

    "NORTHWESTERN INVESTMENT COMPANY.

              "C. VOLKMEIER, Secy."

Before maturity of the note, respondent became the *bona fide* purchaser thereof, for value and without notice of any defense thereto. The amount of the note and interest not having been paid, this suit was instituted on April 21, 1921, to recover $1,100 principal, with interest at the rate of eight per cent per annum from March 1, 1920, to March 1, 1921, and at the rate of 10 per cent per annum from said latter date until paid, as well as attorney fees in the sum of $225, and costs of suit.

The cause was submitted to the court upon the complaint and answer and an agreed statement of facts, which were stipulated by the parties. The court found the note to be a negotiable instrument, and rendered judgment in favor of plaintiff, as prayed for in the complaint. This appeal is from the judgment.

Appellant makes one assignment of error, viz., that the court erred in making and rendering its decision and judgment for the reason that the same is contrary to law, and the decision of this case under the stipulation of facts depends upon whether the note sued upon is a negotiable instrument.

It is first contended that the note is not negotiable for the reason that it provides that, "In case this note is collected by an attorney, either with or without suit, the makers agree to pay a reasonable attorney's fee." Appellant concedes the general proposition that the negotiability of a note is not destroyed by reason of a provision for the payment of a reasonable attorney's fee after maturity, but urges that a note may not provide for an attorney's fee *without suit* and *before, or at the time of, maturity*, inas-

much as such a provision destroys the certainty of the amount agreed to be paid.

C. S., sec. 5868, provides that: "An instrument to be negotiated . . . . 2. Must contain an unconditional promise or order to pay a sum certain in money."

And C. S., sec., 5869 provides: "The sum payable is a sum certain . . . . although it is to be paid: . . . . 5. With costs of collection or an attorney's fee, in case payment shall not be made at maturity."

In those states which have adopted the provision of the negotiable instrument law that the sum payable is a sum certain within the meaning of the act, although it is to be paid with costs of collection or an attorney's fee in case payment is not made at maturity, the contention that such a provision in a note destroys its negotiability is untenable (note, L. R. A. 1916B, 675, 684, 685), and although there is a conflict in the authorities, the weight of authority and the better reasoning appear to support the same rule prior to the adoption of the negotiable instruments law. The rule is based upon the view that so long as the amount payable is certain up to the time of maturity, it is not essential that after that time, when the instrument has become non-negotiable for other reasons, the certainty as to the amount should continue.

As was said in *Oppenheimer v. Bank,* 97 Tenn. 19, 36 S. W. 705, 33 L. R. A. 767:

"Upon a careful review of the authorities, we can perceive no reason why a note, otherwise endowed with all the attributes of negotiability, is rendered non-negotiable by a stipulation which is entirely inoperative until after the maturity of the note and its dishonor by the maker. The amount to be paid is certain during the currency of the note as a negotiable instrument, and it only becomes uncertain after it ceases to be negotiable by the default of the maker in its payment. It is eminently just that the creditor who has incurred an expense in the collection of the debt, should be reimbursed by the debtor by whose default the action was rendered necessary and the expense entailed."

The burden of appellant's contention seems to be that the provision in the note here sued upon contemplates that the note may be placed in an attorney's hands for collection at any time before, as well as at the time of or after maturity; that the amount due at maturity would depend to a certain extent on whether it had been placed in the hands of an attorney for collection, and for that reason, the amount due at maturity being uncertain, the note is non-negotiable.

In *Shenandoah Nat. Bank v. Marsh,* 89 Iowa, 273, 48 Am. St. 381, 56 N. W. 458, where the same contention was made, the court said: "Ordinarily, we understand the word 'collect,' as applied to an indebtedness, to mean that which may lawfully be done by the holder of the obligation to secure its payment or liquidation after its maturity. The words 'for collection,' as used in the note, convey the same meaning as the words 'to collect.' We think it is clear that, under a provision like that under consideration, no attorney's or collection fees could be claimed, even in the absence of the statutory provisions prohibiting it, for any work, labor, or service of the attorney holding such a note, which was done or rendered with regard to it prior to its maturity."

In *Nicely v. Winnebago Nat. Bank,* 18 Ind. App. 30, 47 N. E. 476, it was held: "The expression in a note 'and costs of collection' is . . . . not destructive of the negotiability of the note, for the reason that no costs of collection could accrue if the note be paid when due."

In *Proctor v. Baldwin* (on rehearing), 82 Ind. 370, at 378, 379, the note sued upon provided for the payment of "ten per cent interest from after due, and attorney fees." The court held: "The condition is implied that only such services as may be rendered after maturity shall be charged in the case before us; that the clear intention and understanding of the parties to the note were that the maker would pay such attorney fees as might be incurred by the holder of the note in its collection after it matured; that any attorney fees that might be contracted by the holder of the note, in securing it before due, were not within the contemplation of

the parties at the time the note was executed, and, therefore, not within the promise."

While in *First Nat. Bank v. Miller,* 139 Wis. 126, 131 Am. St. 1051, 120 N. W. 820, a stipulation in a note for payment of 10 per cent attorneys' fees "if collected by an attorney or if suit is brought" upon the note was construed as meaning that attorneys' fees should be paid only on collection by an attorney after dishonor.

Such conditions in a note only go so far as to provide for a contingency arising upon default in payment. As is said in Daniel, Neg. Inst., secs. 61, 62: ". . . . the stipulation is valid because it is an indemnification, assured by the maker against the consequences of his own act, for, unless in default, he will not have to pay the additional amount; that it is consonant with public policy, because it adds to the value of the paper; and has a tendency to lower the rate of discount, . . . . and that it does not impair the negotiability of the instrument, for the reasons that the sum to be paid at maturity is certain; that commercial paper is expected to be paid promptly; that, if so paid, no element of uncertainty enters into the contract."

It is clear, therefore, that if a note is paid promptly at maturity no attorney fee or other costs of collection could accrue, and if the clause here under consideration is to be given its natural and ordinary construction, it means that if the note is collected by an attorney *after maturity,* the maker agrees to pay a reasonable attorney fee.

We are not called upon to decide in this action the validity of a provision for payment of an attorney fee where collection is made without suit, inasmuch as this clause can only become operative after maturity and can in no way affect the negotiability of the note. As was said in *Farmers' Nat. Bank v. Sutton Mfg. Co.,* 6 U. S. App. 312, 52 Fed. 191, 3 C. C. A. 1, 17 L. R. A. 596: "It is unreasonable to hold that the negotiability of a bill is lost because of a provision having no effect while it remains negotiable."

Appellant's second contention is that a note providing that in case of failure to pay the same when due, the rate of in-

terest thereon shall be increased from 8 per cent to 10 per cent per annum, together with an acceleration clause under which the payee may, at his option, declare the whole note due and collectible in case default is made in the payment of the interest quarterly, is not negotiable.

Under C. S., sec. 5869, subd. 3, the negotiability of a note is not destroyed by a provision that upon default in payment of interest on a note, the whole shall become due. Until such default, the note provides that the principal shall bear interest at the rate of 8 per cent per annum. The requirement that a note must contain an unconditional promise to pay a sum certain in money is satisfied, inasmuch as the amount of principal and rate of interest are definitely fixed until such time as a default may occur in the payment of interest and the holder may declare the whole amount due and collectible.

The rule is well settled, by the great weight of authority, that a provision in a note that the whole shall be due, either absolutely or at the option of the holder, on default in the payment of the interest, or in the payment of any installment, does not affect its negotiability. (8 C. J., Bills and Notes, p. 139, sec. 240, and cases cited in note 93; note 35 L. R. A., N. S., 390; note, Ann. Cas. 1912D, 4–7; 3 R. C. L., Bills and Notes, p. 909, sec. 97.)

In the case of *Clark v. Skeen,* 61 Kan. 521, 60 Pac. 327, it was held that: "A note for the payment of a certain sum at a fixed date is not rendered non-negotiable by a stipulation that upon default in the payment of interest the whole amount shall become due, at the option of the holder, and then draw a greater rate of interest."

See, also, *Utah State Nat. Bank v. Smith,* 180 Cal. 1, 179 Pac. 160; *Commercial Savings Bank v. Schaffer,* 190 Iowa, 1088, 181 N. W. 492; *Nickell v. Bradshaw,* 94 Or. 534, 183 Pac. 12, at 16; *Arnett v. Clack,* 22 Ariz. 409, 198 Pac. 127.

Finally, appellant urges that the note sued upon was rendered non-negotiable by the guaranty provision placed on the back thereof and signed by the Northwestern Investment Company by its secretary, for the reason that such a con-

tractual provision standing alone is not an indorsement and the note is not thereby negotiated, but merely transferred subject to all equities and defenses existing in favor of the maker against the original payee.

While there are some authorities which support the position taken by appellant (note, 36 L. R. A. 232), it has become the generally established rule that an indorsement written on the back of a note in the form of a guaranty of the payment thereof, and signed by the payee, passes title to the paper the same as an indorsement in blank. (*Dunham v. Peterson*, 5 N. D. 414, 36 L. R. A. 232, and note; note, 41 L. R. A., N. S., 1009; 3 R. C. L. 968, note 6; 12 R. C. L. 1060, 1061, notes 15, 16 and 17; 8 C. J. 355, note 56.)

As was said in *Hendrix v. Bauhard Bros.*, 138 Ga. 473, Ann. Cas. 1913D, 688, 75 S. E. 588, 43 L. R. A., N. S., 1028: "On the subject of indorsements like the one here involved there are two conflicting lines of authority. On the one hand, it has been held by the supreme court of the United States and some inferior federal courts, and by the courts of two or three states, that an entry of a guaranty followed by the signature of the payee on the back of a note payable to order does not amount to such an indorsement as to carry title and cut off defenses existing against the payee. . . . . The reasoning on which this class of cases is based is, that the indorsement is not in blank, but is filled up; that it expresses fully the contract, and can raise no implication of another. Opposed to this view are the decisions in a very large number of states. Numerically, the latter class of decisions greatly preponderates, and we think the reasoning on which they are based is sounder than that contained in the class first mentioned."

See note, Ann. Cas. 1913D, 693–696; also, *First Nat. Bank v. Cummings* (Okl.), 171 Pac. 862; *Cady v. Bay City Land Co.*, 102 Or. 5, 201 Pac. 179; *Murray v. Nelson*, 145 Tenn. 459, 239 S. W. 764.

An entry made and signed by the payee on the back of a negotiable note, "For value received, we hereby guarantee

payment of the within note, including interest and costs at maturity or any time thereafter demanded," operates as a transfer of the note, and as an indorsement thereof with enlarged liability. (*National Exch. Bank v. McElfish Clay Mfg. Co.*, 48 W. Va. 406, 37 S. E. 541; *Brown v. Hall*, 32 S. D. 225, 142 N. W. 854; *Maddox v. Duncan*, 143 Mo. 613, 65 Am. St. 678, 45 S. W. 685, 41 L. R. A. 581.) The guaranty itself would be wholly inoperative unless the note was transferred by the payee to a third party (*Kellogg v. Douglas County Bank*, 58 Kan. 43, 62 Am. St. 596, 48 Pac. 587), and we cannot lend our support to the proposition that the indorsement under consideration is an indorsement sufficient to carry legal title upon delivery, but not sufficient to give the corresponding benefit to him who thus acquires it, arising from being a *bona fide* taker before due and for value. (*Hendrix v. Bauhard Bros., supra.*)

From what has been said it follows that the judgment should be affirmed, and it is so ordered. Costs are awarded to respondent.

McCarthy and Dunn, JJ., concur.

Petition for rehearing denied.