## UPTON v. HEISELT CONST. CO.

No. 7231.   Decided July 13, 1949.   (208 P. 2d 945.)

See 10 C. J. S., Bills and Notes, sec. 293. Statute of limitations running in favor of maker of note as discharging one secondarily liable, see note, 94 A. L. R. 1159. See, also, 34 Am. Jur. 124.

*Roberts & Roberts,* Salt Lake City, for appellant.

*William J. Christensen,* Salt Lake City, *Charles Welch, Jr.,* Salt Lake City, for respondent and cross-appellant.

*J. D. Skeen,* Attorney at Law, Utah Oil Building, Salt Lake City, for respondent on cross-appeal.

PRATT, Chief Justice.

This action was commenced by the respondent and cross-appellant, A. E. Upton. Its foundation is a promissory note secured by a mortgage on certain real property situated in Salt Lake City, Utah. The promissory note is dated May 15, 1936, and is payable within one year. The note is signed as follows:

HEISELT CONSTRUCTION CO.
By L. H. Heiselt/s/
President

The instrument is indorsed on the back as follows:

"I, we or either of us, hereby guarantee the payment of the within note, waiving demand, presentment for payment, notice of dishonor, protest and notice of protest.

"L. H. Heiselt /s/

"Pay to the order of A. E. Upton without recourse on me.

"Elmer H. Peterson /s/"

The mortgage, given to secure the note is dated May, 1936. It contains the following provision:

"The mortgagor agrees to pay all taxes and assessments on said premises, and the sum of reasonable Dollars attorney's fees in case of foreclosure."

This action was commenced on July 9, 1943, some 6 years 1 month and 24 days after the note fell due. Plaintiff prayed judgment in the sum of $3,000 and interest and attorney's fees and also for a decree of foreclosure of the mortgage.

The note was made at Denver, Colorado, and was payable at the National City Bank of Denver, Colorado.

The defendants admitted making the note but raised the defense that the action is barred by the Statute of Limitations, Section 104-2-22 (2), U. C. A. 1943. There were other pleadings in the case, but as they are not before us on this appeal we shall not discuss them.

Plaintiff replied to the defense of the Statute of Limitations, that defendant Heiselt Construction Company paid taxes on the mortgaged property pursuant to the mortgage agreement and therefore that this payment tolled the statute—Section 104-2-22 (2).

The court held that the Statute of Limitations had run in favor of the Heiselt Construction Company, but that it had not run in favor of the indorser, L. H. Heiselt, who divided

his time during the six years, one month and twenty-four days, between Colorado, Utah, and California. Accordingly, judgment was rendered in favor of plaintiff and against defendant Heiselt personally.

Defendant. Heiselt has appealed from this judgment. Plaintiff Upton has cross appealed from the failure to give a judgment against the Heiselt Construction Company.

Defendant Heiselt by his appeal relies upon three assignments of error, which raise two questions: (1) Whether or not the evidence justified the finding and conclusion that L. H. Heiselt had been out of Utah, Colorado and California during the six year period of limitations when the statute would have run against the note in excess of one month and twenty-four days; and (2) Whether or not the court can render a judgment against an indorser, when the cause of action against the maker is barred by the Statute of Limitations—this in view of Section 61-1-122, U. C. A. 1943? (See quotation hereafter.)

Plaintiff Upton in his cross appeal raises two questions by his assignments of error: (1) Even though the Statute of Limitations has run on the note, should not the court have entered a decree of foreclosure on the mortgage; and (2) Does payment of taxes by the mortgagor toll the statute of limitations where the mortgagor by a specific covenant in the mortgage agrees to pay the taxes?

(1)  Was defendant L. H. Heiselt in or out of the state? The substance of the testimony given by him is that he did not live in any one of the three states mentioned for a period of six years during the period in controversy. In fact, he answered in the negative, a question as to whether he had lived in any of the three states a total of six years.

(2)  Can the court render a judgment against an indorser when the cause of action against the maker is barred by the statute of limitations? This presents a more serious. ques-

tion, and one upon which the authorities are in conflict. Section 61-1-122, U. C. A. 1943, reads in part as follows:

"A person secondarily liable on the instrument is discharged:

"(1) By any act which discharges the instrument. * * *

"(3) By the discharge of a prior party."

In determining this question we have available to us certain interpretations of this same section by courts of other jurisdictions, since Section 61-1-122, U. C. A. 1943, is adopted from Section 120 of the Uniform Negotiable Instruments Law. The use of the word "discharge" as applicable to the statute of limitations of this state will be covered later.

There have been decisions from courts of some of the states where the Uniform Negotiable Instruments Law has been adopted which furnish us a guide at least to the arguments on either side.

In the case of *First National Bank of Shenandoah* v. *Drake,* 185 Iowa 879, 171 N. W. 115, the Iowa Supreme Court held that the discharge of the maker of the note by the statute of limitations also discharged the guarantor, who as a non-resident was not otherwise protected by the statute. The case seems to have been controlled almost entirely, however, by the decision of an Iowa case decided prior to the passage of the Negotiable Instruments Law; that of *Auchanpaugh* v. *Schmidt,* 70 Iowa 642, 27 N. W. 805, 59 Am. Rep. 459, from the same jurisdiction, which held that a claim barred by the statute of limitations against the principal debtor was also barred against a surety. This latter case was clearly a minority view prior to the Uniform Negotiable Instruments Law.

The contrary view was taken in the case of *Romero* v. *Hopewell,* 28 N. M. 259, 210 P. 231, wherein it was held that discharge in subsection (3) contemplates some affirmative act or release on the part of the holder and not a discharge by his mere failure to act. Similarly also in the case of

*Finance Corp. of New England* v. *Parker,* 251 Mass. 372, 146 N. E. 696. Other cases not involving the statute of limitations, but involving other types of discharge not by act of the holder are the following: *Everding & Farrell* v. *Toft,* 82 Or. 1, 150 P. 757, 160 P. 1160; *Brooks* v. *American National Bank of Beaumont,* Tex. Civ. App., 103 S. W. 2d 246; *Corn Exchange National Bank* v. *Taubel,* 113 N. J. L. 605, 175 A. 55; *Silverman* v. *Rubenstein,* Sup., 162 N. Y. S. 733; *Bromberg* v. *Self,* 16 Ala. App. 627, 80 So. 631; *Highleyman* v. *McDowell Motor Car Co.,* 202 Mo. App. 221, 216 S. W. 52; *Petri* v. *Manny,* 99 Wash. 601, 170 P. 127, 1 A. L. R. 1595; *Howard* v. *First National Bank,* 270 Ky. 586, 110 S. W. 2d 293; *Roberts* v. *Chappel,* 63 Ohio App. 397, 26 N. E. 2d 930, and others.

The cases cited set out the arguments pro and con. The numerical weight of authority appears to favor the interpretation that discharge under subsections (1) and (3) refers to discharge only by act of the holder and does not refer to discharge by operation of law.

The running of the statute of limitations is not truly a discharge in any event. It is only a bar to the remedy, where it is plead. 34 Am. Jur. 314, Sec. 400. *American Theater Co.* v. *Glassman,* 95 Utah 303, 80 P. 2d 922. We conclude that there has been no discharge under the facts of this case which would allow persons secondarily liable to escape that liability under Section 61-1-122, U. C. A. 1943.

Whether L. H. Heiselt had greater liability than that of an indorser we need not determine. His liability in any event was at least that of an indorser of the instrument. *Hutson* v. *Rankin,* 36 Idaho 169, 213 P. 345, 33 A. L. R. 91; *Jaronko* v. *Czerwinski,* 117 Conn. 15, 166 A. 388, 90 A. L. R. 299; and *Ramish* v. *Woodruff,* Cal., 28 P. 2d 360, 91 A. L. R. 684.

The argument is advanced by the appellant that the respondent has pleaded a Colorado Statute of Limitations by

way of answer and counterclaim, of which, the appellant is entitled to take advantage. The statute referred to, however, even if this is true, and even if the Colorado statute of limitations would change the result, is not a statute which is applicable to this type situation. The statute in question was one which was plead as a defense to pleadings concerning a claim that a partnership existed between the parties, and has no reference to obligations such as this, which are covered by another Colorado statute. See the case of *Simon* v. *Wilnes,* 97 Colo. 78, 47 P. 2d 406. It is unnecessary for us to further consider this point.

We pass then to a consideration of the cross-appeal. The contention under the cross-appeal is that although the same statute of limitations period applies to notes and mortgages in Utah, and that thus a recovery would be barred at the same time ordinarily; that nevertheless, in the present case the statute of limitations has been tolled as to the mortgage, and he is entitled to foreclose the mortgage even though the note is barred. The acts claimed as having tolled the statute are the payment of taxes by the mortgagor. The terms of the mortgage provide that the mortgagor should pay the taxes and assessments.

Section 104-2-45, U. C. A. 1943, provides:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought within the period prescribed for the same after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby. When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense."

The payment of taxes is an obligation of property ownership, and is an act necessary in order to preserve and protect one's property. It is an equivocal act so far as recognition of any contract obligation is concerned, in that it is an act which would be performed by the property owner without

regard to the existence or non-existence of an obligation on a note and mortgage. His payment of taxes does not of itself indicate that he had in mind that there was an outstanding contractual obligation requiring him to make that payment. He could well make such a payment and have in mind that he was under no contractual obligation to do so. It is reasonable to say, then, that the mere payment of taxes by the property owner is not of sufficient probative value to indicate the existence of a contractual obligation to do so, and, therefore, does not constitute a payment under Section 104-2-45, U. C. A. 1943, which will toll the statute of limitations. There is nothing in the record which would indicate that the payment of taxes in this case should be regarded as a payment on the principal amount of any obligation. It thus becomes unnecessary for the court to consider the other aspect of the cross-appeal—whether an action might be had to foreclose a mortgage at all, where the note is barred by the statute of limitations.

The court's attention is called to the case of *Hess* v. *Anger*, 53 Utah 186, 177 P. 232, as supporting the view that payment of taxes prevents the running of the statute of limitations. That case does not support the cross-appellant's position. A different fact situation was there presented, and other matters included, in addition to payment of taxes.

Judgment of the lower court is affirmed. Costs on appeal to the respondent. Costs on cross-appeal to respondent on cross-appeal.

WADE, WOLFE, LATIMER and McDONOUGH, JJ., concur.