ALEXANDER C. HAGERTHY vs. HOSEA B. PHILLIPS.

Hancock.    Opinion April 8, 1891.

*Contribution.   Promissory Notes.   Indorsers.   Evidence.*

A, being in financial straits, made a note to his own order, signed by his firm as makers and indorsed by him, and procured three of his friends to indorse the same with him in blank for his accommodation. Before making the note he applied to the three separately and each promised to indorse if the others would. Nothing was said by or to either of them about the order of indorsement, or the share of liability to be assumed. The note was sent around for them to sign severally, just as they happened to be found, without any design as to the precedence of signatures. *Held:* That the jury was justified in finding that, as between themselves, it was a joint accommodation indorsement, such as renders them liable to contribute equally in the payment of the note, they having, on account of the insolvency of the makers, to pay the same.

ON MOTION AND EXCEPTIONS.

This was an action of assumpsit in which the plaintiff recovered a verdict for the amount due him from the defendant as a joint accommodation indorser of a note which the plaintiff had paid. It appeared that the note, thus paid by the plaintiff, was a renewal by the same parties of another note of the same amount. The defendant objected to the admission of the first note in evidence, and all evidence relating to it, as immaterial. The court admitted it as showing the terms of indorsement, and permitted the plaintiff to introduce the second note and show what was done with it, against the defendant's objection that, whether or not it was a renewal, was a legal proposition. The court, also, permitted the plaintiff to prove, subject to the defendant's objection, conversations between the maker of the note and his accommodation indorsers.

The case is stated in the opinion.

*G. P. Dutton*, for defendant.

The presumption of law is, on accommodation paper, that parties indorse in the order in which they appear on the note; that their liability is regulated thereby; that a subsequent indorser is not liable to one who stands above him on the note;

that a prior indorser, if he would compel contribution, must show clearly an express or implied contract of joint indorsement, and that nothing is to be presumed. 1 Dan. Neg. Ins. § 703.

There is no evidence that defendant exchanged words with plaintiff, or that the understandings between the maker and other indorsers were brought home to him. He promised to indorse if the other two would, and as a fact was the last indorser. He would not indorse until the other two had signed. This was a several contract. Their evidence proves that defendant so understood it. First note not admissible. A written contract cannot be explained by another written contract. How parties went on to note A is not admissible to show how they went on to note B. Any agreements, &c., between maker and other indorsers of second note not brought home to defendant.

*Wiswell, King and Peters,* for plaintiff.

Counsel cited: *Coolidge* v. *Wiggin,* 62 Maine, p. 568.

PETERS, C. J. The plaintiff having paid a note on which he was an indorser with two others, sues the defendant, another indorser, for contribution, claiming that the three indorsers, as between themselves, were, by parol understanding amounting to agreement, joint indorsers holden alike. The note, running from the firm of Mason & Cushman, to the order of H. B. Mason, a member of the firm, stood indorsed in blank, in the following order of names: H. B. Mason, A. G. Hagerthy, George A. Phillips, H. B. Phillips (defendant).

By the reading of the note all previous indorsers would be liable to the defendant thereon, and not he to them. The plaintiff, however, contends that the apparent phase of liability is changed by the facts.

While oral evidence is admissible to prove the contention of the plaintiff, it should be clear and satisfactory, inasmuch as there is easily a temptation to attempt to pervert the truth in such a matter, and the note is itself strong evidence that it represents the contract correctly. The burden of proof lies heavily upon the plaintiff.

The note in question was undoubtedly the renewal of a

previous note, with the same signers and indorsers and made on the same terms and conditions. All facts touching the first note were, therefore, admissible in the controversy over the second, the two notes really constituting but one transaction.

As to the first note Mason testified that his firm needed money; that he conceived the idea of raising it on a note to be indorsed by his friends, having in mind the three persons whose names were afterwards obtained; that he saw these persons separately, and asked each if he would indorse a two thousand dollar note for him if the two others would, and all consented to do so; that nothing was said by him or them in relation to the order of indorsement; that he afterwards obtained the indorsements, calling upon the parties just as he happened to find them, having no design as to who should sign first or last; and that all that was said touching the manner of signing was an assurance to the first signers that the note should not be used until signed by all. Hagerthy and George A. Phillips corroborate this statement, testifying that each of them promised to indorse if the other two would; that the note was not to be used until the three indorsed it; that nothing was said about the order of indorsement; and that no design was entertained by them excepting that the note should have the triple indorsement to complete the transaction.

The defendant testifies differently, not asserting that it was expressly stated that he was to indorse the note only upon the liability of a last indorser, but claiming as much. He seems to have preferred to sign last on the second note, presumably, lest the note would be used without the other signatures. The plaintiff brought out considerable testimony in rebuttal of the defendant's, which had a very strong tendency to show that some of defendant's material statements were mistakes.

There is much evidence on the question of renewal that is important in itself, but not necessary to be quoted in an examination more especially of the legal features of the case. It may be added, however, that the evidence alluded to hardly strengthens or weakens that more especially applicable to the history of the first note.

The jury in finding for the plaintiff, have declared that the indorsers assumed a joint liability, and that any loss sustained should be apportioned between them.

Does the evidence justify the conclusion? Not a word was spoken by one indorser to another during negotiation. The facts were communicated through Mason. Each promised to sign if others would. If the act done was the act promised to be done, the order of signing was immaterial, because it was not a qualification of the promise. Each indorser made precisely the same promise. Either was as much entitled to sign last as the other. The first and second signers required assurance that the third would sign, a useless formality if their risk was not lessened thereby. They understood that the indorsers were to be holden alike, basing their conclusion on precisely the same facts that were presented to the defendant to induce him to sign. The request of Mason was that the defendant would indorse for him, not for others. The idea was to divide the risk among his friends. The defendant's promise was not to indorse last, but to indorse. He was not to do an act alone,—the three were to do the act. The three did it, sharing obligation and risk alike. If the defendant be let out, the result would be that he did not assist his friend. Others furnished the assistance, who were sufficiently responsible to make the note good without defendant's name.

We are constrained to say we do not feel at liberty to set the verdict aside.

The exceptions become immaterial.

*Motion and exceptions overruled.*

LIBBEY, EMERY, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.