MARION R. DAVIS ET AL. *vs.* JACOB SOLOMON.

Second Judicial District, Norwich, October Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

An allegation that the maker of a promissory note had it in his possession with the payee's indorsement thereon, is equivalent to an allegation that all persons with knowledge of such possession had notice that the payee's indorsement was for the maker's accommodation.

The Negotiable Instruments Law (§ 4426 of the General Statutes), confirming the common law of this State, provides that successive accommodation indorsers are liable in the order in which their names appear, in the absence of an agreement to the contrary as between themselves.

Although oral evidence is admissible to prove such an agreement, the proof must be clear and satisfactory; mere statements made by the maker to one indorser in the absence of the others are hearsay, and inadmissible without further evidence connecting the others with the making of the agreement.

Argued October 21st—decided December 1st, 1924.

ACTION by accommodation indorsers of a promissory note against a prior accommodation indorser, brought to the Superior Court in New London County and tried to the jury before *Hinman, J.;* the court directed a verdict for the plaintiffs, and from the judgment thereon for $5,780, the defendant appealed. *No error.*

Upon the trial of this action to the jury, the plaintiffs offered evidence to prove these facts:  On April 18th, 1921, Shalett's Cleaning & Dyeing, Incorporated, acting by Harry M. Shalett, its treasurer, made, executed and delivered to the defendant its note promising to pay to the order of the defendant $5,000, four months after that date, at the Union Bank and Trust Company in New London.  The defendant before maturity placed his signature in blank thereon and duly indorsed the note.  Thereafter, before maturity, the plaintiffs, for the accommodation of the maker, indorsed the note, so that the note might be delivered to and discounted by the Union Bank and Trust Company.

The note was then in the following form:—

$5,000.          New London, Conn., April 18, 1921.

Four months after date Shalett's Cleaning & Dyeing, Inc., promise to pay to the order of Jacob Solomon

Five Thousand——————————— $\frac{00}{100}$ Dollars, at the Union Bank and Trust Company of New London, Value Received.

> Shalett's Cleaning & Dyeing, Inc.
> Harry M. Shalett, Treasurer,
> (Indorsements)
> Jacob Solomon
> Arthur T. Keefe
> Marion R. Davis.

Thereafter, on April 18th, 1921, Shalett's Cleaning & Dyeing, Inc., delivered the note so indorsed to the above Trust Company, which discounted it.  On August 18th, 1921, the note was duly presented for payment and pay-

ment demanded and refused, protest was duly made, and due notice given to defendant and plaintiffs. The plaintiffs were compelled to and did pay the note. The plaintiffs would not have indorsed the note if they had not believed that the liability of the defendant was the same as it would have been on regular business paper, and they indorsed the note relying upon the defendant's responsibility as first indorser.

The defendant offered evidence to prove that on April 18th, Harry M. Shalett, treasurer of the above Cleaning & Dyeing, Inc., requested the defendant to indorse the above described note to be made by the corporation, so that the corporation could obtain by the discount of the note at the Union Bank and Trust Company $5,000 to use for purposes of the corporation. The plaintiffs, as members of the law firm of Geary, Davis and Keefe, were attorneys acting for the above Cleaning & Dyeing, Inc. On April 18th, the Cleaning & Dyeing, Inc., was not indebted to the defendant and the defendant was not interested in the use the company intended to make of the $5,000. On April 18th, the note was signed by the Shalett Cleaning & Dyeing, Inc., was indorsed by the defendant, and taken to the above Trust Company by Harry M. Shalett for discount. The Trust Company refused to discount the note until the Cleaning & Dyeing, Inc., secured another indorsement in addition to that of the defendant. Harry M. Shalett took the note to the plaintiffs and they indorsed it. The plaintiffs then knew the Trust Company had refused to discount the note unless the maker secured another indorser besides the defendant, and that the note had been executed by the maker and indorsed by the defendant to secure its discount. No benefit was received by the defendant from his indorsement of the note.

*Charles Hadlai Hull*, for the appellant (defendant).

*Arthur T. Keefe,* for the appellees (plaintiffs).

CURTIS, J.   The questions presented upon this record relate to the admissibility of certain evidence offered by the defendant.

The plaintiffs allege, in the first paragraph of the complaint, that the maker of the note delivered the note to the defendant, the payee, and that the defendant (payee) then duly indorsed it; and in the second, third and fourth paragraphs they allege that after such indorsement the maker, with the note in its possession, secured the indorsement of the plaintiffs for its accommodation, and that then it secured the discount of the note by the Trust Company.   The allegations that the maker had this note in its possession with the payee's indorsement upon it, was equivalent to an allegation of notice to the plaintiffs and the Trust Company that the payee's indorsement was an accommodation indorsement.   *Oppenheim* v. *Simon Reigel Cigar Co.,* 90 N. Y. Supp. 355.   The defendant in his answer alleged that he was an accommodation indorser upon the note and that the plaintiffs were also accommodation indorsers; thus the allegations of complaint and answer agree as to this feature of the relations of the parties to the note.

The defendant in his answer further alleged, in substance, that the plaintiffs and the defendant agreed between themselves to indorse the note as accommodation indorsers and to become jointly liable in case the note was not paid by the maker.   This allegation the plaintiffs denied.

It is the law that "in the absence of an agreement to the contrary, as between themselves, successive accommodation parties are liable in the order in which their names appear, even though later signers knew that prior parties signed for accommodation."   (General

Statutes, § 4426, Negotiable Instruments, Law, § 68.) Brannan's Negotiable Instruments Law (3d Ed.) p. 117; Crawford's Negotiable Instruments Law (3d Ed.) p. 92; *Noble* v. *Beeman-Spaulding-Woodward Co.*, 65 Ore. 93, 131 Pac. 1006, 46 L. R. A. (N. S.) 162. The common law of this State is the same. *Kirschner* v. *Conklin*, 40 Conn. 77.

The defendant, in attempting to prove the above further allegations of his answer, offered to prove what Shalett had said to him prior to his indorsement of the note about an agreement which Mr. Keefe and Mr. Davis had made regarding the liability of the three accommodation indorsers. Upon objection this evidence was excluded and an exception taken.

The statements claimed to have been made to Solomon by Shalett in the absence of the plaintiffs, and without proof connecting Keefe and Davis with the making of any such agreement, were mere hearsay statements as to the existence of such an agreement.

There were no such offers of further proof accompanying the statements offered as would justify the court in admitting them.

The question is not involved in this case whether Shalett secured the indorsement of Solomon by false representations as to what his liability would be, nor was any offer made by the defendant to prove that Keefe and Davis had in fact made any such agreement.

By the terms of the note, as we have stated, the defendant, a prior indorser, would be liable to the plaintiffs. The defendant claims that this apparent liability was changed. As was said in *Hagerthy* v. *Phillips*, 83 Me. 336, 337, 22 Atl. 223: While oral evidence is admissible to prove that the accommodation indorsers have agreed to be jointly liable, the proof "should be clear and satisfactory, inasmuch as there is easily a

temptation to attempt to pervert the truth in such a matter, and the note is itself strong evidence that it represents the contract correctly. The burden of proof lies heavily upon" the party alleging such an agreement.

There is no error.

In this opinion the other judges concurred.